## HENRY C. PITNEY *et al.*

*v.*

## WILLIAM H. BROWN.

WILLS — *whether distribution shall be made per stirpes or per capita.* The will of Aaron Pitney, after directing the conversion of his property into money, and the payment of an annuity to his wife, and certain legacies to other persons, provided as follows as to the residue: "The balance remaining of said fund I hereby direct shall be equally divided between the children of my late brother, Mahlon Pitney, and my brother-in-law, William H. Brown, of the city of Chicago, a large portion of my property having been received through his father and the father of my late wife, Betsey H. Pitney." There were three children of Mahlon Pitney, and it is *held*, as between them and Brown, the distribution should be made *per capita*, and not *per stirpes.*[*]

---

[*] NOTE BY REPORTER. Other clauses of this will were construed in the case of *Brown et al., Exrs.*, v. *Pitney*, decided at the January Term, 1866 (39 Ill. 468).

Appeal from the Circuit Court of Cook county; the Hon. E. S. Williams, Judge, presiding.

This was a suit in chancery, instituted in the court below, in the right of Henry C. Pitney, Phoebe T. Watkins, and Mary E. Brayton, the children of Mahlon Pitney, deceased, in order to obtain a judicial construction of the will of Aaron Pitney, deceased, particularly of the fourth clause thereof, touching the equal distribution of the residuary fund therein provided for.

The will is as follows:

"Realizing the uncertainty of life, and being now of sound mind and in the full enjoyment of all my faculties, I make this my last will and testament, as follows:

"1. I order and direct that as soon after my death as may be, my executors, hereafter appointed, shall pay all my just debts and funeral expenses.

"2. Within one year after my decease, I further order and direct my executors to sell, for the best price that can be obtained for the same, either at public or private sale, as my executors may deem advisable, all my real estate, situate, lying and being in the city of Chicago, county of Cook, State of Illinois, being the house and lot now occupied by Mrs. Phillips as a boarding house, and also a forty acre tract of land in the county of Cook (description of land), and I hereby empower my said executors to make good and sufficient deed," etc.

3. Legacy to Margaret Pitney, personal property.

"4. I hereby direct my executors, within the time aforesaid, to sell my real and personal estate, to create the fund above mentioned, and out of the same to pay my debts and funeral expenses, and the sum of $600 each and every year to my said wife, and legacies as may be mentioned herein; and after paying all such debts, etc., the balance remaining of said fund I hereby direct shall be equally divided between the children of my late brother, Mahlon Pitney, and my brother-in-law, William H. Brown, of the city of Chicago, a large portion of my property having been received through his father and the father of my late wife, Betsey H. Pitney."

5. Appoints William H. Brown and Henry O. Pitney executors.

6. Specific legacies to R. H. Burnap and Ella McNully.

The court below adjudged and decreed, that, by the just and true construction of testator's intention in the fourth clause of the will, touching the distribution of the surplus or residue of testator's estate in equal parts or shares, one equal half part of said residue was intended to be given, and was given, to William H. Brown, and the other equal half part of the same to the complainants, the children of testator's deceased brother, Mahlon Pitney.

The complainants appeal from that decree to this court, and insist, that, under the fourth clause of the will, the legatees should take *per capita,* and not *per stirpes,* as held by the Circuit Court.

Messrs. SCATES, BATES & TOWSLEE, for the appellants.

Messrs. MATHER & TAFT, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Aaron Pitney died leaving a will, by which, after directing the conversion of his property into money, and the payment of an annuity to his wife, and certain legacies to other persons, he provides as follows as to the residue:

" The balance remaining of said fund I hereby direct shall be equally divided between the children of my late brother, Mahlon Pitney, and my brother-in-law, William H. Brown, of the city of Chicago, a large portion of my property having been received through his father and the father of my late wife, Betsey H. Pitney."

There are three children of said Mahlon Pitney; and the question presented by this record is, whether the residue of the fund referred to in the will is to be divided, one-half to Brown and the other half to said three children, or whether it is to be

divided equally among all the legatees, one-fourth to each — in other words, whether the distribution is to be *per stirpes* or *per capita.* When the testator directed the fund to be "equally divided," did he mean equally as between Brown on the one side and the children of Mahlon Pitney on the other, or did he mean equally as between all the individuals who were to be the recipients of his bounty?

The language is susceptible of either interpretation; and, if the question were a new one, it would be difficult of decision, though we are inclined to think that equality *per stirpes* would be the more natural construction. But the point has so often been decided by the courts, both of England and of this country, that there is an established canon of interpretation in regard to these words, from whose authority we do not feel at liberty to depart. With a long line of precedents all pointing in one direction, and on a question of admitted doubt, it is our duty to follow the rule, even if questioning its soundness.

The rule is thus stated by Jarman (vol. 2, p. 111): "When a legacy is to the children of several persons, they take *per capita,* and not *per stirpes.* The same rule applies when a bequest is made to a person, described as standing in a certain relation to the testator and to the children of another person, standing in the same relation; as, to my brother A and the children of my brother B, in which case A takes only a share equal to that of one of the children of B." See also *Logan* v. *Hamilton,* 1 Cox, 250; *Northey* v. *Strange,* P. Wms. 343; *Blackler* v. *Webb,* id. 383; *Butler* v. *Stratton,* 3 Brown C. C. 367; *Warrington* v. *Warrington,* 2 Hare, 54; *Payne* v. *Wagner,* 12 Simons; *Collins* v. *Howie,* 9 Paige, 89; *Conner* v. *Johnson,* 2 Hill Ch. (S. C.) 40.

The counsel for appellee, while admitting the general rule to be as stated by Jarman, unless a contrary intent is indicated in the will, insists that such intent is indicated in the present will by the clause referring to the fact that a large portion of the testator's property came from the father of Brown, who was also the father of the testator's wife. But we can only regard this clause as giving a reason for making Brown a

legatee at all, and not as indicating the extent of the legacy. It is to be remembered that Brown would have taken nothing if there had been no will, and the children of Mahlon Pitney would have taken all. It was natural, then, that the testator should show his heirs, on the face of the will, why he diverted from them any part of his property; but we are quite unable to see how this explanation indicates, in the remotest degree, an intention to give either more or less than the share expressed in other portions of the will.

We must hold, that, by the established rules of construction, all these legatees took *per capita.*

The decree must be reversed and the cause remanded.

*Decree reversed.*