MELVILLE C. BRITTAIN and AMELIA J. B. BRITTAIN, his Wife vs. QUEEN MAUD CARSON and VIRGINIA K. CARSON, by their Guardian S. ROWLAND CARSON.

*Construction of Will—Question as to whether certain legatees took per stirpes or per capita.*

The will of a testator contained the following clause: "It is my will that the rest, residue and remainder of my estate, together with all my right and interest in and to the estate and property of my deceased wife H. R. shall be equally divided between my said daughter A. J. B. and the children of V. C." The testator left surviving him, his daughter A. J. B. and two grand-children, the children of his deceased daughter V. C. There was nothing to be gathered from the other parts of the will showing an intention on the part of the testator, that his grandchildren were to be regarded in the distribution of the residue of his estate as a class taking by representation. HELD:

That the said legatees by force of the language used took equally, and that the distribution between them was to be *per capita*.

APPEAL from the Circuit Court of Baltimore City.

The bill in this case was filed by the executors of John W. Randolph, deceased, against the residuary legatees of their testator to obtain a construction of the residuary clause of his will. This appeal was taken from the decree of the Court below, (GILMOR, J.,) construing said clause in favor of the appellees.

The case is sufficiently stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER, and ALVEY, J.

*Thomas W. Griffin* and *Wm. H. Cowan,* for the appellants.

*Wm. Rowland* and *James B. Groome,* for the appellees.

BRENT, J., delivered the opinion of the Court.

The object of the bill in this case is to obtain a decree, construing the residuary clause of the will of John W. Randolph, which was admitted to probat in the office of the Register of Wills for Baltimore City, on the 6th day of May, 1874. The will is made an exhibit, and the clause in question, is as follows:

"It is my will, that the rest, residue and remainder of my said estate, together with all my right and interest in and to the estate and property of my deceased wife, Hannah Randolph, shall be equally divided between my said daughter, Amelia J. Brittain, and the children of Virginia Carson."

At the time of the death of the testator in the spring of 1874, he left surviving him, his daughter, Amelia J. Brittain, and his two grandchildren, Queen Maud Carson and Virginia Randolph Carson, children of his daughter, Virginia Carson, who had died in May, 1873. The question now presented, is whether the surviving daughter, and the two children of Virginia Carson, take *per stirpes* or *per capita.*

The other parts of the will do not furnish any aid in determining this question. Legacies and devises are made to a number of legatees, and amongst them, to the parties named in the residuary clause. But there is nothing to be gathered from them, showing an intention on the part of the testator, that his grandchildren were to be regarded in the distribution of the residue of his estate as a class, taking by representation. If such an intention was apparent, the cases all concur that it must be carried out. The distribution to be made in this case, will therefore depend

upon the construction to be given to the language used in the clause referred to.

The words of the will are, "shall be *equally divided* between my said daughter, Amelia J. Brittain, and the children of Virginia Carson." A long series of uniform decisions has given a settled construction to provisions in a will similar to this, all holding that the legatees, by force of the language used, take equally, and that the distribution is to be *per capita.*

The cases which have been referred to by the appellant, as establishing a different doctrine, all affirm and recognize this rule of construction, but are put as exceptions to it, because of something in the will which indicated a different intention on the part of the testator. Such is not the case here. In this will, the clause now in question, is unexplained and uncontrolled by any other portion of the will, and we are left to give it a construction solely upon the force of the words which the testator has chosen to employ. We have seen no authority, and do not suppose any case can be found, in which similar words have been construed to direct a distribution *per stirpes.*

There are numerous cases, both English and American, where the language of the will in question was similar to the one before us, and in all of them the now well settled rule of construction is adopted, and distribution directed to be made *per capita.* We shall only refer to some of them. In *Blackler vs. Webb and others,* 2 *Peere Williams,* 383, where the testator bequeathed the residue of his personal estate equally to his son James, and to his son Peter's children, &c.; the Lord Chancellor decreed that they took *per capita,* and not *per stirpes.* So in *Lenden vs. Blackmore,* 10 *Simon,* 626, where the testatrix directed the residue of her property, "*to be equally divided*" between Sybilla and Mary, daughters of her sister Elizabeth Sayer, and Elizabeth, daughter of her sister Susannah May, and her children; it was decreed that they took *per capita,* and

not *per stirpes*. And so also in the cases of *Abrey vs. Newman*, 16 *Beav.*, 431, and *Tyndale vs. Wilkinson*, 23 *Beav.*, 74. The American cases are to the same effect. See *Conner, Adm'r, and others vs. Johnson, Adm'r, and others*, 2 *Hill Ch. R.*, 43; *Farmer vs. Kimball*, 46 *N. H.*, 439; *Stowe vs. Ward and others*, 3 *Hawks*, 605.

In this State, the rule of construction is also well settled. In the early case of *Maddox vs. The State*, 4 *H. & J.*, 539, where the testator directed the residue of his estate, "to be *equally divided* between his brother Justinian, and his brother George's children," the Court held they took as tenants in common, and that distribution was to be made *per capita*, and not *per stirpes*. The language in this will is most strikingly similar to that in the will before us, and it might have been sufficient to have referred to that case as deciding the question involved in this.

This case has been followed and adopted by the subsequent decisions in this State. *Brown vs. Ramsey*, 7 *G.*, 347; *Thompson vs. Young*, 25 *Md.*, 461; *Benson vs. Wright*, 4 *Md. Ch. Decs.*, 278. The cases of *Alder and others vs. Beall*, 11 *G. & J.*, 123; and *Levering and others vs. Levering*, 14 *Md.*, 38, where the distribution was directed to be *per stirpes*, are manifestly, as will be found other similar decisions, cases in which it was apparent from the will itself, that the testator so intended the distribution to be made. They are in this respect readily distinguished from the present one.

It follows from what we have said, that we concur with the Judge of the Circuit Court of Baltimore City, that the distribution in this case must be *per capita*.

The decree of that Court will therefore be affirmed.

*Decree affirmed.*