JOHN J. GERRISH ET AL., APPELLANTS, *v.* A. HINMAN ET AL., RESPONDENTS.

DEVISE—SPEAKS FROM TIME OF TESTATOR'S DEATH.—The general rule is, that a devise, in designating the objects of the testator's bounty, speaks from the time of his death, unless a contrary intent can be inferred from some particular language of the will, or from such extrinsic facts as may be entitled to consideration in construing its provisions.

WILL—CONSTRUCTION.—The will of G. provided as follows: "I devise all that may remain of my real and personal property, to each of my living children, and the children of my deceased daughters, alike." *Held,* That the latter being mentioned in their representative capacity, thus evincing the purpose of the testator to give them the shares their mothers would have taken if they had survived him, the property should be divided *per stirpes* and not *per capita.*

APPEAL from Yamhill County.

This is a suit for partition of real property among the children and grandchildren of James Gerrish, under his will. The clause in the will, under which the parties all

claim, is as follows, to wit: "I give and bequeath to my beloved wife, Mary Ann, all the rest and residue of my real and personal property for her life-time. At her decease I do devise and bequeath all that may remain of my real and personal property to each of my living children and the children of my deceased daughters alike, to be divided as a majority of them shall say, by sale or otherwise."

When this will was signed the testator had three children —two sons and a daughter, living—and two daughters dead, who had left children. At the time of the death of the testator he had two sons living, and the children of three daughters, deceased; and such were the objects of his bounty at the time of the decease of Mary Ann, the tenant for life.

*James McCain, W. D. Fenton, and Northup & Gilbert,* for appellants.

*Shattuck & Killin, and T. H. Tongue,* for respondent.

By the Court, PRIM, J.:

The parties to this suit all claim under the will of James Gerrish, and the clause under which they claim is as follows: "I give and bequeath to my beloved wife, Mary Ann, all the rest and residue of my real and personal property for her life-time. At her decease I do devise and bequeath all that may remain of my real and personal property to each of my living children and the children of my deceased daughters alike, to be divided as a majority of them shall say, by sale or otherwise."

Upon the construction of this clause, two questions are presented for consideration: 1. At what time does the will speak as to the objects of the testator's bounty, at the time of his death or at the date of the will? 2. How do the objects of his bounty take, *per capita* or *per stirpes?*

On the first proposition, it is claimed by the appellants that the will, in designating the objects of the testator's bounty, speaks from the time of his death and was from the date of the will. This proposition is correct, and is well established by the authorities. The general rule appears

to be that "a devise to a class of persons takes effect in favor of those who constitute the class at the death of the testator, unless a contrary intent can be inferred from some particular language of the will or from such extrinsic facts as may be entitled to consideration in construing its provisions." (*Campbell* v. *Rawdon,* 18 N. Y. 412; 1 Redfield on Wills, pp. 7, 8, 9, 210; Jarman on Wills, pp. 286, 287; *Walker* v. *Williamson,* 25 Ga. 540; 21 Conn. 550.) And in this case there is no language in the will nor extrinsic facts from which a contrary intent can be inferred. Then we hold that at the time of the death of the testator, all of his children and the children of his deceased daughters took a vested interest in his estate, subject to the life estate of his said wife, Mary Ann. (*Henry Warren* v. *Mary M. Hembree, ante,* 118.)

The next question to be considered is whether the objects of the testator's bounty are to take *per capita* or *per stirpes.* In this matter the intention of the testator must control, and that must be ascertained by looking into the language employed by the testator in designating the objects of his bounty. The objects of his bounty are designated as his living children and the "children of deceased daughters." The number and names of the latter are not mention in the will, but are merely referred to as a class in their representative capacity, thus evincing the purpose of the testator to give them the shares their mothers would have taken if they had survived him. Such is the construction given generally by the courts upon will containing similar provisions. (*Lyon* v. *Acker,* 33 Conn. 222; *Risk's Appeal,* 52 Pa. St. 269; *Fissel's Appeal,* 27 Id. 55; 3 Jones N. C. Eq. 205.)

Entertaining the views herein expressed, we have reached the conclusion that it was the intention of the testator that his property should be divided among his descendants named *per stirpes* and not *per capita.*

Therefore it is ordered that the decree of the court below be so modified as to divide the land into five equal portions.