JANE KELLEY *et al.*

*v.*

TITUS W. VIGAS *et al.*

*Filed at Springfield September 27, 1884.*

1. WILL—*whether devisees take per stirpes or per capita—of a devise,* "*equal among my heirs at law.*" A testator devised all his estate to his wife during her life, and after her death directed that $1000 be paid to his daughter, and gave to his daughter-in-law, (the widow of his deceased son,) a lot, and then directed, "the remainder of my estate to be divided equal among my heirs at law." The widow was dead when a partition was asked, and it appeared that the testator had but two children, a daughter still living, and a son who died before the testator, leaving children: *Held,* that his heirs took *per stirpes,* and not *per capita,* in the remainder of the estate, so that the daughter took one-half and the heirs of the son the balance.

2. Where a devise is made to a class of persons not named, as "heirs at law" of the testator, so that reference has to be made to the statute to ascertain the persons who constitute his heirs, the provisions of the statute as to the quantity each shall take must also govern. In such case the estate devised will be divided among his heirs, as in cases of intestacy.

APPEAL from the Circuit Court of Greene county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellants:

A devise of an estate, "to be divided equal among my heirs at law," not naming them, has reference to the Statute of Descent, and heirs will take *per stirpes,* as in case of intestacy. 2 Jarman on Wills, 34; *Daggett v. Slack,* 8 Metc. 450; *Tillinghast v. Cook,* 9 id. 146; 2 Story's Eq. Jur. 298, note 6; *Bassett v. Granger,* 100 Mass. 348; *Fisher v. Skillman,* 3 E. C. Green, 229; *Lyon v. Acre,* 33 Conn. 222; *Rusk's appeal,* 52 Pa. St. 269; *Holbrook v. Harrington,* 16 Gray, 102; *Balcom v. Haynes,* 14 Allen, 205; *Richards v. Miller,* 62 Ill. 417; *Rawson v. Rawson,* 52 id. 62.

There is a difference in designation as children or heirs of one.    If the gift is to the children of A and of B, they take *per capita.*    2 Jarman on Wills, 80–82; *Lady Lincoln* v. *Pelham,* 10 Wis. 166; *Barnes* v. *Patch,* 8 Ves. 604; *Walker* v. *Moore,* 1 Beav. 607.

Devises to a class are held to pass the estate *per stirpes,* and not *per capita.    Walker* v. *Griffin,* 11 Wheat. 375; *Ricks* v. *Williams,* 1 Dev. Eq. 3; *Boot et ux.* v. *Mix,* 17 Wend. 119; *Jackson* v. *Luquer,* 5 Cow. 221; *Lyon* v. *Acre,* 33 Conn. 222.

Mr. JAMES R. WARD, for the appellees:

The words "equal," and "to be equally divided," where used in a will, mean a division *per capita.    Richards* v. *Miller,* 62 Ill. 425; *Brown* v. *Pitney,* 44 id. 363; *Rawson* v. *Rawson,* 52 id. 62; *Gauch* v. *Insurance Co.* 88 id. 253; *Daggett* v. *Slack,* 8 Metc. 453; Jarman on Wills, *194, 197.

I call the attention of the court to *Bassett* v. *Granger,* 100 Mass. 349; *Lyon* v. *Acre,* 33 Conn. 224; *Rusk's appeal,* 52 Pa. St. 271; *Balcom* v. *Haynes,* 14 Allen, 205; *Holbrook* v. *Harrington,* 16 Gray, 103; *Barnes* v. *Patch,* 8 Ves. 605; *Fisher* v. *Skillman,* 3 E. C. Green, (N. J. Eq.) 229, and the authorities there discussed.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by a part of the heirs at law of Titus W. Vigas, deceased, against his other heirs, for a partition of the real estate of which the testator died seized. Surviving the death of the testator, were his widow, (since deceased,) his daughter, Jane, (intermarried with Milton F. Kelley,) and his grand-children, William Vigas, Titus Vigas, Hattie Vigas, and Josephine Vigas, (intermarried with Christopher Doyle,) children of his son, James Vigas, who departed this life before the death of the testator.    Since the death of the testator, his grand-son William Vigas has died without

issue, leaving as his only heirs at law, his mother, Sarah F. Vigas, and his brothers and sisters, as above stated. It is alleged in the bill, that by the terms of the testator's will Jane Kelley, his only surviving child, would take but one-fifth of the "remainder" of the estate, and that the heirs at law of his deceased son would take the other four-fifths, and the circuit court so decreed. Jane Kelley, her husband joining with her, brings the case to this court, and assigns for error that decision of the circuit court.

The second clause of the will of Titus W. Vigas, deceased, which was duly admitted to probate in the county where he had resided, is as follows:

"*Second*—I give, devise and bequeath unto my beloved wife, Margaret T. Vigas, all my estate, both real and personal property, of whatsoever kind, during her natural life, and at her death, all the property aforesaid to her bequeathed, to my daughter, Jane Kelley, the sum of $1000, and to my daughter-in-law, Sarah L. Vigas, wife of James Vigas, deceased, lot No. 258, in Carlin's addition to the town of Carrollton, in the county and State aforesaid,—the remainder of my estate to be divided equal among my heirs at law."

The widow, to whom a life estate was given by this provision of the will, has since died, and the question is, how shall the "remainder" of his estate be divided among the "heirs at law" of the testator. After making special devises and bequests, it will be observed the testator then provides, "the remainder of my estate to be divided equal among my heirs at law." The proof is, the testator left one daughter and four grand-children his only "heirs at law," and the question is, how do they take the "remainder" of his estate,—whether *per stirpes* or *per capita*. Although the will, in this respect, is by no means free from ambiguity, the court is of opinion the heirs take the "remainder" of the testator's estate *per stirpes*. That would give one-half of the "remainder" of the estate to his daughter, Jane, and to the heirs at law of James

Vigas, deceased, the other half. It will be observed the devise of the remainder of the estate, after the determination of the life estate first created, is to a class of persons,—that is, to the "heirs at law" of the testator. To ascertain who are included in the class designated as "heirs at law," reference must be had to the statute of this State regulating descents and distribution of estates. The rule established by the decision of this court in *Richards* v. *Miller*, 62 Ill. 417, is, when the statute is invoked to ascertain the persons who take a devise or bequest by a general description, its provisions as to the quantity each shall take must also be observed. The same doctrine had previously been declared in *Doggett* v. *Stock*, 8 Metc. 450, and in *Tillingast* v. *Cook,* 9 id. 143. It will be seen the testator, by his will, disposed of the remainder of his estate to his "heirs at law," but made no devise of it to any one by name, other than designating them as a class. The word "heir," it is said, when uncontrolled by the context, designates the person appointed by law to succeed to the estate in question, as in case of intestacy, and so the authorities seem to hold. Who are heirs of a deceased person is determined and declared by statute, and the quantity each shall take, as *heir*, is also fixed. Observing these rules of construction, it would seem the residue of the estate of the testator should be divided in accordance with the provisions of the statute, as in cases of intestacy. That being so, the heirs at law in this case, under the statute, would take the remainder of the testator's property *per stirpes*, and not *per capita*. This construction accords with what seems to have been the plain intention of the testator. The only doubt as to its correctness arises out of the use of the words, "equal among," in the will. It is understood the words, "equal among," or "equally," or "share and share alike," when used in a will, mean a division of the estate *per capita;* but this meaning of these words may be controlled by the context, and is often so done. That is the case here. The testator,

by making a bequest of money to his own daughter and a devise of land to his daughter-in-law, evidently intended to make an equal division of his estate between his daughter and the family of his deceased son, and it is not unreasonable to believe that was all he meant by the use of the words, "equal among." This most just intention ought not to be defeated by giving to the words employed in the will an arbitrary and technical meaning never understood, or perhaps thought of, by the testator when he used them. This construction of the will not only conforms to what is believed to have been the evident intention of the testator, as manifested by the context, but it finds strong support in the previous decisions of this and other courts. *Richards* v. *Miller,* 62 Ill. 417; *Basset* v. *Granger,* 100 Mass. 348; *Boskin's Appeal,* 3 Pa. St. 304.

This case may be readily distinguished from *Pitney* v. *Brown,* 44 Ill. 363. In that case the devise of the residue of the estate was to devisees by name. Here the devise is to a class of persons designated as "heirs at law." In the former case, the persons to take the estate were specifically named, as well as the quantity each should take. But in the case being considered, reference must be had to the statute to ascertain who are the "heirs at law" of the testator, and when that is done, the rule seems to be that the statute also determines the quantity each heir shall take,—as, for instance, in *Richards* v. *Miller, supra,* the devise was to the "heirs at law" of the testatrix, and by the statute it was ascertained her husband was one of her heirs at law, and by the same statute he took one-half of the estate, to the exclusion of the collateral heirs, as in case of intestacy, and it was so decreed.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*