W. H. JOHNSTON, Executor v. W. T. KNIGHT, et al.

*Will, Construction of—Power of Disposal by Will, Exercise of—Per Capita Distribution of Property.*

1. Where the execution by will of a power is not exercised in express terms, by reference to the power or the subject, a construction must be given by looking to the whole instrument and giving effect to the intent therein manifested.

2. Unless there is something to show a contrary intention on the part of a testator a general residuary devise will operate as an execution of a power to dispose of property by will.

3. Where the donee of a power to dispose of property by will to certain persons, devises the property to such persons by a residuary clause without referring to the power, the devise will be considered an intentional and not an accidental exercise of the power.

4. The words "to be equally divided" used in a will, require a distribution of the property *per capita* among the persons named, except when other language of the will or the manifest intent requires otherwise.

CIVIL ACTION for the construction of a will, heard before *Coble, J.*, at May Term, 1895, of VANCE Superior Court.

Penninah McDowell left a will, in which was the following clause: "That, as my estate is given and devised to my beloved sister Mary L Howell only during her natural life, I give and devise it at her death as follows; that is to say: To the heirs of my sister Elizabeth O. Knight, to the heirs of my sister Margaret L. Long, to the heirs of my brother Elisha C. McDowell, and to my beloved sister Pattie A. McDowell. The division of my estate after the death of my said beloved sister Mary L. Howell shall be in accordance with her will to the said parties or their heirs, I leaving the amount to be determined for each individual by her, my sister Mary L. Howell." Mary L. Howell left a will, shown in the complaint, in which is the following

clause, after making several specific legacies : "And the balance of my estate, both real and personal, be equally divided between Wm. T. Knight, Pattie McDowell and the children of J. P. and Margaret L. Sugg, and the children of Elisha McDowell."

The parties named in the residuary clause of M. L. Howell's will are the same as mentioned in the will of Penninah McDowell.

His Honor held that Mary L. Howell executed the power entrusted to and reposed in her by Penninah McDowell, and that the distribution of the residuary estate under her will should be *per capita* among W. T. Knight, Pattie McDowell and the children of J. P. and Margaret Sugg, and Elisha C. McDowell.

From the decree the plaintiff, executor, and the defendants W. T. Knight and Pattie McDowell, appealed.

*Messrs. John L. Bridgers* and *W. O. Howard*, for defendants.

No counsel, *contra*.

FAIRCLOTH, C. J.: 1. Was the power given by will by Pennina or Nina McDowell, to Mary L. Howell, executed by the will of the latter? When it is not done in express terms, by reference to the power or the subject, then a construction must be given by looking to the whole instrument and the intent therein, for the intent must govern.

If the donee of the power intends to execute, that intention, however manifested—whether directly or indirectly, positively or by just implication—will make the execution valid and operative.

"The general rule is settled that a general residuary devise will operate as an execution of a power to dispose of

property by will, unless there is something to show that such was not the testator's intention." *Cumston* v. *Bartlett*, 149 Mass., 243. Not only is there nothing to show a contrary intention, but the fact that Mary, the donee, devises to the identical persons and no others, who were designated in Nina's will, produces the conviction that she was then intending to exercise the authority given by her sister. This might have been a mere coincident, but we think it was intentional and not accidental, among near relations. She could not have devised this property to any one else, and we think that a residuary clause includes all property which the devisor could dispose of.

2. Do the devisees take *per stirpes* or *per capita?* Nina authorized the division to be made according to the will of her sister Mary, who said, "that the balance of my estate be equally divided between William T. Knight, Pattie McDowell and the children of Joseph P. and Margaret L. Sugg and the children of Elisha McDowell." These words require a distribution *per capita.* This has been the rule since *Ward* v. *Stowe*, 2 Dev. Eq., 509, down to the present time, with numerous intervening decisions. The words "equally divided" do not absolutely control in all instances, but yield only when other language of the will or the manifest intent requires it. The argument based on the justice and natural affection does not change the rule. That would disturb other parts of the will. Testators usually divert the line of distribution from that marked out by the law for descent and distribution, and no doubt do so "in the light of surrounding circumstances."

Judgment Affirmed.