### RAMSEY v. STEPHENSON.

[56 Pac. 520; 57 Pac. 195.]

Wills—Construction.—Where a testator directed his residuary estate to be converted into cash, and divided "equally among the heirs at law," such heirs take per capita, and not *per stirpes*, regardless of the degree of relationship to the testator: *Gerrish* v. *Hinman*, 8 Or. 348, distinguished.

From Multnomah : Loyal B. Stearns, Judge.

Bill by James S. Ramsey and others against Effie I. Stephenson and others to have set apart to them, as devisees, their distributive share in the estate of Frederick H. Ramsey, deceased.   From a decree dismissing their bill, complainants appeal.

Reversed.

For appellants there was a brief over the names of *Whalley & Muir*, with an oral argument by *Mr. William T. Muir*.

For respondents there was a brief over the names of *Paxton, Beach & Simon, W. E. Jeffrey, Lionel R. Webster, E. B. Prebble*, and *Roscoe R. Giltner*, with an oral argument by *Messrs. Jarvis Varnal Beach* and *Lionel R. Webster*.

Mr. Justice Bean delivered the opinion.

The only question in this case is the proper construction of that portion of the ninth clause in the will of Frederick H. Ramsey, deceased, which reads as follows : "I give, devise, and bequeath all the rest and residue of my property, real, personal, and mixed, of which I may die seised, unto the said A. W. Lambert, in trust, nevertheless, to sell and dispose of the same, and to convert it into cash, and divide the proceeds equally among the heirs at law." At the time of the testator's death he left, surviving him, a brother and sister, six children of a deceased brother, five children of one deceased sister, and six children of another ; and the question is whether these heirs take per capita, or by right of representation. There is nothing in the other provisions of the will, or the surrounding circumstances, throwing any light on the testator's intention; but it must be gathered from the clause quoted.

For the plaintiffs it is contended that the money realized from the sale of the residue of the estate of the decedent should be distributed among the nineteen heirs in equal parts, while the defendants contend that it should be divided into five parts, and distributed *per stirpes*, and not per capita. The argument on both sides is based to some extent on decisions, some of which are in point on each theory. The courts all agree, however, that the intention of the testator must govern, if it can be ascertained from the language used, and that analogous decisions are of importance only as aids in ascertaining such intention, when it is doubtful. It may, perhaps, be stated as a general rule that, under a devise to heirs, without naming them, which therefore necessarily compels a reference to the statute of distribution to ascertain who shall take under the will, the devisees will take in the proportion prescribed by the statute, and, if not of equal degree, they will take by right of

representation, or *per stirpes*, and not per capita, in the absence of a declaration in the will to the contrary, or in case the intention of the testator is in doubt : *Richards* v. *Miller*, 62 Ill. 417 ;　*Dagget* v. *Slack*, 8 Metc. (Mass.) 450 ; *Bassett* v. *Granger*, 100 Mass. 348 ;　*Bailey* v. *Bailey*, 25 Mich. 185 ;　*Conklin* v. *Davis*, 63 Conn. 377 (28 Atl. 537); *Wood* v. *Robertson*, 113 Ind. 323 (15 N. E. 457);　*West* v. *Rassman*, 135 Ind. 278 (34 N. E. 991) ;　*Woodward* v. *James*, 115 N. Y. 346, 359 (22 N. E. 150);　*Eyer* v. *Beck*, 70 Mich. 179 (38 N. W. 20). This rule is founded on the presumption that the testator, having made a resort to the statute necessary to ascertain who are his beneficiaries, intended that it should also govern the proportion in which they should take, unless he expressed a different intention. But when he prescribes the mode of distribution there is no room for presumption, and it must be made as he directs.

Now, in the case at bar, the language of the will indicates clearly the intention of the testator as to the manner of distribution, because he expressly declares that it shall be made '' equally '' among the heirs at law, and this direction must prevail : *Scudder* v. *Vanarsdale*, 13 N. J. Eq. 109 ;　*Allen* v. *Allen*, 13 S. C. 512 (36 Am. Rep. 716) ;　*Maguire* v. *Moore*, 108 Mo. 267 (18 S. W. 897) ;　*Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125 (38 N. E. 104) ;　*McKelvey* v. *McKelvey*, 43 Ohio St. 213 (1 N. E. 594) ;　*Johnstone* v. *Knight*, 117 N. C. 122 (23 S. E. 92) ;　*Brittain* v. *Carson*, 46 Md. 186. Under the terms of the will, resort to the statute is necessary to determine who are the persons entitled to take, but not to ascertain how they shall take. By the phrase '' heirs at law'' the testator designated his devisees, and by the word '' equally '' the manner in which they should take. It is difficult to conceive what language the testator could have used better adapted to make his intention manifest.

He directs that his trustee shall sell and dispose of the residue of his estate, and divide the proceeds equally among his heirs ; and we do not feel justified in substituting for his declared will a mode of distribution by which his property will not be so divided. It is true some of the authorities cited by defendants do not support this conclusion : *Baskin's Appeal*, 3 Pa. St. 304 (45 Am. Dec. 641) ; *Hoch's Estate*, 154 Pa. St. 417 (26 Atl. 610); *Kelley* v. *Vigas*, 112 Ill. 242. These cases proceed upon the theory that because the statute of distribution has to be consulted in order to ascertain who are heirs it must also govern as to the manner of the distribution, notwithstanding the language of the will. This reasoning overlooks the fact that the testator himself has indicated the *quantum* of the estate which each heir shall take, and that it is only necessary to consult the statute for the purpose of determining who are heirs. In other words, the statute governs in ascertaining who shall take, but the will controls in determining the *quantum* to which each beneficiary is entitled. There is, therefore, no necessity for resorting to the statute to ascertain the manner of the distribution ; nor can it be done, it seems to us, without disregarding the expressed intention of the testator. It follows, from these views, that the decree of the court below must be reversed, and it is so ordered, and the cause remanded, with directions to overrule the demurrer to the complaint.

REVERSED.

On Motion for Rehearing.

Mr. Chief Justice Wolverton delivered the opinion.

In the able and exhaustive petition for a rehearing of this cause counsel for respondents strongly insist that the opinion therein impinges upon, and practically overrules, *Gerrish* v. *Hinman*, 8 Or. 348, but we are impressed that such is not its effect. That case was not alluded to, as it was thought not to be in point, although it received due consideration among the many other cases cited. It is needless to say the authorities are in hopeless conflict touching the proper distribution to be made under a bequest or devise of similar import to the one here exhibited, so that it would be a bootless task to attempt to reconcile them. The testator has directed the trustee to "divide the proceeds equally among the heirs at law," and the question is, simply, if we may be pardoned a restatement of it, whether the heirs at law take per capita or *per stirpes*. The general rule, unquestionably, is that a gift to a class, without direction as to the *quantum* each shall take, entitles all persons who are able to bring themselves within the class, to a distribution per capita. But, if a gift be to a class unascertainable, except by resort to the statute of distribution, then, in the absence of specific directions, the provisions of the statute will control as to the proportion in which the donees shall take, and the distribution will be *per stirpes* : *Freeman* v. *Knight*, 37 N. C. (2 Ired. Eq.) 72 ; *Allen* v. *Allen*, 13 S. C. 512 (36 Am. Dec. 716). The authorities are thus far in accord, and language showing a different intention must be employed by the donor to warrant a departure from these rules in the distribution of his bounty. It is a

cardinal principle in the construction of wills that the intention of the donor must always prevail whenever it can be ascertained. By the simple designation "heirs at law," as a description of the objects of his bounty, the testator has left no alternative except a resort to the statute of distribution by which to determine who shall take. We find, by reference to the statute, that his brother, sister, nephews, and nieces all come within the category of "heirs at law," as, without the will, they are all capacitated to share in his estate. The statutory distribution is *per stirpes*, and, without apt words showing an intention to the contrary, it must be conceded that, under the rule, the kindred designated would take accordingly. But the word "equally" has been employed, and the pivotal question is respecting its appropriate significance. We are bound to assume that it was employed for some purpose.

The primary object of making a will is to direct a different and distinct mode of distribution of the testator's estate from that marked out by the law of descent, and if, after specific bequests, it is desired to have a residuum distributed according as the law directs, there are two ways of doing it, which would certainly be commensurate with the purpose,—one is to make no attempt at a testamentary distribution of it; and the other, to direct simply that it be distributed among the heirs at law. In its ordinary acceptation, the word "equally" signifies a division of the estate per capita (*Kelly* v. *Vigas*, 112 Ill. 242, 245), and we are not aware that it has any technical meaning of different import. Its use by the testator, therefore, is indicative of an intention that the funds should be distributed per capita; and, since the word has been employed, the per capita distribution must be adopted, unless, notwithstanding such use, an intention is discoverable from the will that the donees should take

*per stirpes.* To this end the adjudications of Illinois and New York are in harmony : *Kelly* v. *Vigas*, 112 Ill. 242, 245, and *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125 (38 N. E. 104). The respondents, therefore, have the burden upon them to show, from the language of the will, that the testator intended a distribution *per stirpes ;* and this it is impossible to do, as the clause referred to is the only one in the whole instrument shedding any light on the question. This conclusion seems to us to be deducible from correct principles, and is supported by a strong array of respectable authority.

The other contention is that the word "equally" has reference to the statutory distribution, and that, in view of the statute, it would be an equal distribution if primarily the fund is divided into equal shares, notwithstanding the necessity of subdividing one or more of such shares before the donees can be requited : *Hoch's Estate*, 154 Pa. St. 417 (26 Atl. 610). This is certainly attaching to the word "equally" a strained and unwarranted signification, and it seems to us that it should not be given such meaning or import unless the intention of the donor to have it so construed is discoverable from the will itself, and that its mere use, without else, is indicative of a per capita, and not a *per stirpes*, distribution. *Gerrish* v. *Hinman*, 8 Or. 348, was decided in harmony with these views. The purpose of the testator in that case was discoverable from the will. Mr. Justice PRIM says : "The objects of his bounty are designated as his living children, and the 'children of deceased daughters.' The number and names of the latter are not mentioned in the will, but are merely referred to as a class in their representative capacity ; thus evincing the purpose of the testator to give them the shares their mothers would have taken if they had survived him." In support of his position, the learned justice cites *Lockhart* v. *Lockhart*,

3 Jones, Eq. (N. C.) 205.  In *Lowe* v. *Carter*, 2 Jones, Eq. (N. C.) 377, where the property was directed to be sold, and the proceeds of said sale to be equally divided between the bodily heirs of his three daughters, Elizabeth, Sarah, and Catharine, it was held, upon like principle, that the distribution should be *per stirpes;* and to same effect see *Bivens* v. *Phifer*, 47 Jones, Law, 436. Notwithstanding, it was determined by a late authority from the same state that the words, "to be equally divided," used in a will, require a distribution of the property per capita : *Johnston* v. *Knight*, 117 N. C. 122 (23 S. E. 92).  In that case the provision in the will was as follows : "And the balance of my estate, both real and personal, be equally divided between William T. Knight, Pattie McDowell, and the children of J. P. and Margaret L. Sugg, and the children of Elisha McDowell;" and the distribution was directed to be made per capita.  The court said, among other things, that "the words 'equally divided' do not absolutely control in all instances, but yield only when other language of the will or the manifest intent requires it.  The argument, based on justice and natural affection, does not change the rule.  That would disturb other parts of the will.  Testators usually divert the line of distribution from that marked out by the law of descent and distribution, and no doubt do so 'in the light of surrounding circumstances.' "  There is no intimation in the opinion that the earlier cases were in conflict with the views therein entertained.

So, it was early held in South Carolina, under a provision in a will directing the rest and residue of the testator's estate not theretofore disposed of to be equally divided among the "above-named heirs," that the distribution should be made *per stirpes*, because it was ascertainable from the instrument that such was the purpose of the testator : *Collier* v. *Collier*, 3 Rich. Eq. (S. C.)

555 (55 Am. Dec. 653). But in a much later case, where the testator directed the rest of his estate to be converted into money and "equally distributed among his heirs at law, share and share alike," it was decided that the distribution should be per capita, and the court observed that *Collier* v. *Collier* "was not in point," although it was thought by counsel to be controlling: *Allen* v. *Allen*, 13 S. C. 512. These cases illustrate very clearly the distinction that exists between the case of *Gerrish* v. *Hinman*, 8 Or. 348, and the one at bar, and give ample support to the conclusion we have reached. Having carefully reviewed all the authorities to which our attention has been specially attracted, with many others, we feel convinced that a rehearing would not bring about any different result. The petition for rehearing must therefore be denied.

REHEARING DENIED.