Crew, J.
The only item in the will of Frank Koehl about which there is any controversy in this case is item four. The language of this item is as follows: “Whatever there remains after my decease shall be equally divided amongst my lawful heirs, share and share alike.” At the time of his death the testator, Frank Koehl, left surviving him as his sole and only heirs at law, his five children, who are defendants in error here, viz.: Frank Koehl, Jr., Emma Federspiel, Catharine Walters, Maggie Boesche and Pearl Koehl, and his two grandchildren, Emil Henry Koehl and Louisa Maria Koehl, plaintiffs in error, who were children of Louis Koehl, a son of said testator, who died more than eight years prior to the execution of said will. The question presented, here for determination, is whether under the provisions of said item four of the will of Frank Koehl the residuum of his estate thereby disposed of, is to be distributed among his “lawful heirs,” the children and grandchildren above named, in equal portions, and one-seventh part thereof given to each; or whether such residuum is to be divided into six equal parts, and one-sixth given to each of the five children of testator, and the remaining sixth to his two grandchildren. In short is the' distribution of said residuum, under item four, to be made per stirpes or per capita. It was contended in the courts below and is the conten *63 tion of defendants in error here that where a testator bequeaths his estate, or the residuum thereof, to his heirs, or as in this case, to his “lawful heirs,” without other or further designation, and without naming them, thereby making necessary a resort to the statutes of descent and distribution in order to ascertain and determine who shall take under the will, that such devisees or legatees, when so ascertained, will take only in the proportion designated and prescribed by the statutes of descent and distribution, and, .if not of equal degree, they will take by right of representation;-or per stirpes and not per capita. That such is the general rule, in the absence of any specific direction by testator as to how, or in what proportion each shall take, would seem from the authorities, to be well settled. Richards v. Miller, 62 Ill., 417; Daggett v. Slack et al., 8 Metc., 450; West v. Rassman, 135 Ind., 278; Woodward v. James, 115 N. Y., 346; Eyer v. Beck, 70 Mich., 179; Conklin v. Davis, 63 Conn., 377; Kirkpatrick v. Kirkpatrick, 197 Ill., 144; Mattison v. Tanfield, 3 Beav., 131. But this rule, resting as it does upon the presumption, that because the testator has made necessary a resort to the statute, in order to determine who his donees are, that therefore he also intended, that the statute should govern and control as to the proportion each should take, can have no application to a case like the one at bar, where the testator has in clear and specific language prescribed and directed how such division shall be made as between those whom he has designated as his beneficiaries; viz. “equally, share and share alike.” Having so declared and directed, nothing is left for inference or presumption, as to the mode of distribution, and division must be made as directed by the testator. *64 By item four of Ms will the testator, Frank Koehl, ¿ives the residue of his estate to a “class,” which in terms he therein designates by the general description, his “lawful heirs.” This being the only designation or description of those who were intended as beneficiaries under this clause of the will, of necessity, resort must be had to the statute, in ■order to determine who are the legal heirs of the testator within the meaning of tMs clause. In a -technical, or strict legal sense, neither the children or grandchildren of testator were at the time of the making of this will his heirs. Nemo est haeres ■viventis. But by reference to the statute we find •that all of them, both children and grandcMldren, are, within the purview and meaning of the statute, his “lawful heirs, ’’ inasmuch as without the will, all would be entitled, by. inheritance to share in the distribution of his estate. All then, being beneficiaries under item,four of this will, it only remains to ascertain their respective interests, and to determine the share to which each is entitled, upon a distribution of the residuum of testator’s estate, disposed of by this item of the will, and this must be ascertained and determined, if it may be, according to the intention of the testator as disclosed by the language of the will itself. In thus ascertaining the intention of testator, effect must be given to every word of the testamentary clause under consideration, without rejecting any of them, if this can be done by a reasonable construction, not inconsistent with the manifest intent and purpose of said testator, apparent from the whole will taken together. Quid-' ed then by this rule of construction, and there being nothing found elsewhere in said will to limit, control or vary the direction given by testator in item four, *65 ■as to the method of distribution and division of the residuum of his estate, the .intention of the testator as to the manner in which such division should be made and as to the share each should take, would from the language employed by him in directing such división, seem entirely clear. By the phrase £<my lawful heirs” testator describes the objects of his bounty and designates who are to be his beneficiaries ; and by the words, ‘ ‘ equally, share and share alike, ’ ’ he defines and points out the manner in which they are to take the estate comprehended by the gift. If, as contended by counsel for defendants in error, the testator had meant that both the persons who were to take, and the manner of division, should be governed by, and should be in accordance with, the statutes of descent and distribution, and as if he had -died intestate, then item four of his will was entirely nseless, for in that case the same persons would take, and in the same manner, as if he had died leaving no will. Testator does not say that the persons designated as beneficiaries are to take in the same manner, and in like proportions, as though he should die intestate, but on the contrary, after describing those who are to be the objects of his bounty, by the general designation, ££my lawful heirs,” which includes both children and grandchildren, he, in clear and specific language, directs that division shall be made amongst them, ££equally, share and share alike.” Primarily, the object of making a will is tó direct another and different mode of distribution of the testator’s estate from that marked out by the law of descent. That Frank Koehl made a will, is a circumstance tending to show that he intended thereby to make provision for his heirs different from that which the law would make. And the fact that he *66 made a will is a fact that weighs against snch construction of the provisions of item four of this will,, as is here contended for by counsel for defendants in error, because, if the construction for which they contend is to prevail, it would, at most, only accomplish that which the law itself would effect, in the absence of any such clause or provision, and it makes the insertion in this will, of item four, an idle and useless act on the part of the testator. There, being nothing in this will to suggest or require a different conclusion, we must presume and conclude that the testator, Frank Koehl, had a purpose and object in employing the particular language he did. employ, in item four, and from the language therein used by him, we think this intention is clear and unmistakable. By the use of the phrase “my lawful heirs” he manifestly intended that all those persons, who would be his heirs under the statute of descent,, in case of his intestacy, should be his beneficiaries, and should take the residuum of his estate. And by the use of the words"equally,share and share alike, ’’ he just as clearly evidenced the intention that they should not take such residuum in the manner prescribed by the statute, but should take it equally, share and share alike, as directed by his will. By reference to the statute we ascertain who are to take-under item four, and by the plain provisions of the will itself, we are told how they are to take, that is: “equally, share and share alike,” per capita and not per stirpes. Huston v. Crook, 38 Ohio St., 328; McKelvey v. McKelvey, 43 Ohio St., 213; Bisson et al. v. W. S. R. R. Co. et al., 143 N. Y., 125; Ramsey v. Stephenson, 34 Ore., 408; Walker et al. v. Webster et al., 95 Va., 377; Dowding v. Smith, 3 Beav., 541; Butler v. Stratton, 3 Brown’s Chancery Rep., 367; *67 Page on Wills, sec. 554; Richards v. Miller, 62 Ill., 417.
We are of opinion that the circuit court erred in holding that the residuum of the estate of the testator Frank Koehl should, under item four of his will, he distributed per stirpes and not per capita, and for such error the decree of the circuit court in so far as it orders and directs distribution and division of the property disposed of by said item four, to be made per stirpes and not per capita is reversed, and judgment will be entered for the plaintiff in error, in accordance with this opinion.
Reversed and judgment for plaintiff in error,
Spear, C. J., Davis, Si-iauok, Price and Summers, JJ., concur.