# CIRCUIT COURT OF BALTIMORE CITY.

Filed January 26, 1927.

KATE ADLER, ET AL.,
VS.
MARY LOBE, ET AL.

*Allan H. Fisher* for plaintiffs.

*Julius H. Wyman* and *Jacob S. New* for defendants.

FRANK, J.—

Lazarus Goldheim died on February 6th, 1878, leaving a will dated October 31st, 1877, which was duly admitted to probate. The first item thereof reads in part as follows:

"I give and devise unto my beloved wife a life interest in the property now occupied by me, on the north side of West Pratt street, * * * and after the death of my said wife it is my will that the said property shall go unto all my children who may survive my said wife for life; and after the death of the last survivor, then to the heirs of all my children absolutely."

By the second item, after bequeathing the good will and fixtures of his business to his son-in-law, Philip Lobe, absolutely, he directs "all the stocks that may be on hand to be divided amongst my (his) wife and children, share and share alike."

The last surviving of testator's children has now died. There are living ten grandchildren, four of them the children of one of testator's children, three, the children of another such child, two the children of still another. and one the child of still another of testator's said children. The question for determination is whether by the true construction of the first item of the will the absolute remainder, which has thus vested in these ten grandchildren, passes to them *per stirpes* or *per capita*. The auditor has stated two alternative accounts. Account "A" adopts the view, which is the view of the auditor himself, that the estate should be distributed *per stirpes* and makes distribution accordingly. Account "B". adopts the other theory at the request of counsel for the beneficiaries profiting thereby. Exceptions to both of these accounts having been filed, the question of the proper interpretation of the will is thus presented.

The answer to this question is to be found in the meaning to be ascribed to the words "heirs of all my children" in the first item of the will. Is the word "heirs" to be accorded its strict technical interpretation as contended upon behalf of Lawrence Goldheim, who is the only child of one of testator's children? Or is it to be given the meaning of "children" or "issue" or "descendants" as contended by the other grandchildren?

The word "heirs" in a will primarily is used in its legal or technical sense, and, unless the content shows a contrary intention, must be construed as meaning all those, who, in case of intestacy, would be entitled by law to inherit on the death of the ancestor named.

40 Cyc. 1459, par. 3.

To determine who are such heirs, resort must be had to the Statute of Descents and the beneficiaries will ordinarily take in such porportions as are fixed by the statute.

40 Cyc. 1486, Sec. c.

Note. 16 A. L. R. 21, 33 & fol. 92 & fol.

Note 31 A. L. R. 803, &c.

Even, however, though the word "heirs" be used, if language is used indicating that the beneficiaries are to take equally, *per capita* distribution will. result.

40 Cyc. 1486, Sec. c.

Note. 31 A. L. R., p. 799 and fol.

Courtenay vs. Courtenay, 138 Md. 204.

*A fortiori,* where the beneficiaries are described as "issue," "descendants" or "children," the Courts are more prone to seize upon indications of an intention to effect a *per capita* division. These words ordinarily are not capable of the strict technical meaning appropriate to the term "heirs."

McPherson vs. Snowden, 19 Md. 197.

Allender vs. Keplinger, 62 Md. 7.

Brittain vs. Carson, 46 Md. 186.

Levering vs. Orrick, 97 Md. 139, 145.

Requardt vs. Safe Dep. Co., 143 Md. 431, 434.

See also Note 16 A. L. R. at pp. 54, 61, 79, 96, 122.

The first matter to be decided, therefore, is the sense in which the testator used the word "heirs" in the first item of his will above quoted. It will be noted that in both items first and second, he several times uses the word "children." The remainder in question is not to the "children" or to the "issue" or to the 'descendants" of his children, but to their "heirs." It seems to me that the word "heirs" was deliberately used in contradistinction to the word "children" with which it is directly associated. I hold that "heirs" is used in its technical legal sense.

Nevertheless, if the testator intended the persons who should be his children's heirs to take equally that intention will be given effect. He did not say so—he used no language indicating any such intention. On the other hand, in the succeeding item second he directs certain property to be divided "share and share alike." He, therefore, knew how to prescribe an equal distribution, when he so desired. It is not an unreasonable presumption that the failure to use any language indicating equality in connection with the word "heirs," which in its primary meaning negatives the idea of mere equality, shows that he did not intend an equal division.

"Heirs" in the Maryland Statutes of Descents and Distributions calls for representation *ad infinitum* in the case of lineal descendants.

Code 1904, Art. 46, Sec. 27.

Annot. Code 1924, Art. 46, Sec. 1; Art. 93, Sec. 134.

With the word "heirs" used in its legal sense and the intention to have equality of distribution negatived, it is clear that a *per stirpital* division must result.

Alder vs. Beall, 11 G. & J. 123.

Levering vs. Levering, 14 Md. 30.

Slingluff vs. Johns, 87 Md. 273.

Plummer vs. Shepherd, 94 Md. 466.

See discussion by Judge Urner in Requardt vs. Safe Dep. Co., 143 Md. at p. 436.

I shall overrule the exceptions to Account "A" and finally ratify the same. The exceptions to Account "B" are sustained.