522

Janet Widdowson and John Henry Widdowson, by Edna Widdowson, Their Guardian and Next Friend, Appellees, v. Anna Widdowson et al., Appellant.

Gen. No. 8,833.

Opinion filed January 14, 1935.

FRANK A. WHITESIDE, of Carrollton, and GILLESPIE, BURKE & GILLESPIE, of Springfield, for appellant.

COYLE & McDONALD, of Carrollton, for appellees.

Mr. Justice Allaben delivered the opinion of the court.

On August 24, 1932, plaintiff, on behalf of her two minor children, filed a bill and later an amended bill to construe the will of John Milton Widdowson who died December 30, 1931. The amended bill asks the court to construe clauses Third, Seventh and Eighth of the will hereinafter set forth, so that one-half of the property mentioned in clause Third should vest in her two minor children, and that the said two minor children, being grandchildren of the deceased, should take a one-sixth part per capita of the property described in clause Seventh, and one-sixth per capita of the property described in clause Eighth. After hearing, the court entered a decree finding against the plaintiff as to clause Third, but construing clauses Seventh and Eighth in accord with the plea of the plaintiff. From this decree defendant, Anna Widdowson, prosecutes this appeal to this court.

The will in question is in the words and figures as follows, to wit:

"I, John Milton Widdowson, being of sound mind and memory, and under no constraint whatever, do hereby make, constitute the following as my last will and testament, revoking all former wills by me made.

"First: It is my desire that all my just debts and funeral expenses be fully paid.

"Second. I give, devise and bequeath absolutely to my son James all of my lumber business, and every thing pertaining thereto, including the real estate on which my lumber business is located, all moneys in bank, and accounts pertaining to such lumber business, my building situated on the Public Square in the City of Carrollton, in the County of Greene and State of Illinois, and one U. S. Liberty Bond of the denomination of One Thousand Dollars.

"Third. To my son Bryan, I give, devise and bequeath my farm in Section Twenty-four (24), Township Ten (10), North, Range Twelve (12), West of

the Third Principal Meridian, consisting of Eighty-six (86) acres, more or less, in the County of Greene and State of Illinois, he to have and hold the same for and during his natural life and at his death the same to be sold and the proceeds thereof divided equally between my son James and my daughters Ruth and Anna and my two grandchildren Janette and John Henry Widdowson, and I also give absolutely to my son Bryan one U. S. Liberty bond of the denomination of One Thousand Dollars.

"Fourth. To my daughter Ruth I give, devise and bequeath absolutely in fee simple my farm at or near Kahm Station, on the Chicago & Alton Railroad, consisting of one hundred seven acres, more or less, and one U. S. Liberty Bond of the denomination of One Thousand Dollars.

"Fifth. I give, devise and bequeath absolutely and in fee simple all my farm in Section Sixteen (16), Township Ten (10) Range Twelve (12) just west of the City of Carrollton, in the County of Greene in the State of Illinois, to my daughter Anna and one U. S. Liberty Bond of the denomination of One Thousand Dollars.

"Sixth. I give, devise and bequeath to my two grandchildren Janette Widdowson and John Henry Widdowson all of my Bank Stock of every kind and description, they to share equally, and to each one of my said grandchildren a U. S. Liberty Bond of the denomination of One Thousand Dollars, each.

"Seventh. I give, devise and bequeath to my son Bryan and to my daughters Ruth and Anna Widdowson my residence in the City of Carrollton, each of them to hold their interest therein so long as he or she remains single and when all are married then the same to be sold and the proceeds thereof to be divided equally between all of my heirs, including my said two grandchildren, they to share and share alike equally.

"Eighth. It is my desire that all the residue of my personal estate to be divided equally between all of

my heirs, including my aforesaid two grandchildren, they to share and share alike.

"Ninth. I hereby appoint and constitute my son James Widdowson my sole executor of this my last will and testament and I desire that he be not required to give bond.

"Signed, Sealed and Published on this the 9th day of August, A. D., 1926.

"John Milton Widdowson, (Seal)"

There was the usual attestation clause in proper form.

The will was admitted to probate in February, 1932, and the executor named in the will qualified. The deceased left him surviving, as his heirs at law, the following: Sons: James Widdowson and Bryan Widdowson; daughters: Anna Widdowson and Ruth Widdowson Reinders; grandchildren: Janette Widdowson and John Henry Widdowson, children of a predeceased son, John H. Widdowson, whose widow is the plaintiff in this case, on behalf of her children.

The court in its decree found that by the third clause of the will the testator intended the defendant Bryan Widdowson was to take a life estate in the real estate mentioned in that clause, and after his death the real estate to be sold and the proceeds to be divided equally among the plaintiffs Janette Widdowson and John Henry Widdowson and the defendants, James Widdowson, Ruth Widdowson Reinders, and Anna Widdowson. No appeal has been taken from this finding. It is, therefore, not necessary to give any consideration to it in this opinion.

The decree finds that the testator intended by the seventh clause that the defendants Bryan Widdowson, Ruth Widdowson Reinders and Anna Widdowson were to take as tenants in common a life estate in the property therein mentioned, each to hold his or her life estate, so long as he or she remained single; that after all were married, or in the event they did not all marry, then after the death of the last remaining

single the property was to be sold, the proceeds thereof divided among all the testator's heirs per capita; that is, the proceeds were to be divided into six equal parts, one of which should go to each of the four defendants, and one of which should go to each of the two plaintiffs, and in case any of them died before distribution, the share of the one so dead was to go to such deceased's heirs, legatees or assigns. It was ordered, adjudged and decreed, that the seventh clause be so construed.

The court found the testator meant and intended by the eighth clause that the residue of the personal estate should be divided equally among all the testator's heirs per capita; that is, that the residue should be divided into six equal parts, one of which parts was to go to each of the two plaintiffs and one to go to each of the four defendants, and thus ordered, adjudged and decreed, that said clause should be so construed.

The only question at issue was whether the court erred in holding that the two grandchildren, plaintiffs, take per capita and not *per stirpes* under the seventh and eighth clauses of the will. The construction of these two clauses in this will is to determine the intention of the testator as gathered from the words, expressions, and context from the four corners of the will itself. *Howe v. Hodge,* 152 Ill. 252; *Morrison v. Tyler,* 266 Ill. 308; *Himmel v. Himmel,* 294 Ill. 557. The words which are used in a will are presumed to be used in their usual and popular meaning, and where words are used which have a definite and well understood technical meaning that it will be presumed the testator intended to use them in that sense unless it can clearly be determined otherwise from the context. *Dollander v. Dhaemers,* 297 Ill. 274; *Kelley v. Vigas,* 112 Ill. 242.

Many cases have been cited by both plaintiffs and defendants as to the rule applicable where the word

"heirs" is used in a will. Defendants in particular have cited numerous cases which hold in effect that there is no presumption that the testator intended to disregard the law as it is contained in the Statute of Descent, Cahill's St. ch. 39, in any part unless the terms of the will are such as to make that intention manifest, and also that all ambiguities will be resolved in favor of the heirs at law or the next of kin to the testator. With these authorities we are in full accord. However, considering clause Third, and the construction placed upon it by the trial court, of which neither party is making complaint, there is shown a direct intent that the plaintiffs, Janette and John Henry Widdowson, grandchildren, were to share equally, that is, per capita, with James, son, and Ruth and Anna, daughters of testator. Directing our attention to clause Seventh we find the following wording: ". . . when all are married then the same to be sold and the proceeds thereof to be divided equally between all of my heirs, including my said two grand children, they to share and share alike equally." This is a very simple sentence, and one that requires practically no construction. It involves no proposition of law, but a simple rule of grammar. It is capable of only one construction, and that is that the pronoun "they" applies to the antecedent "heirs" and not to the words "grand children" from which it is separated by a comma. That being true it is apparent that the testator meant that all his heirs, including his two grandchildren, were to share and share alike equally the property mentioned in clause Seventh—in other words, were to share per capita in the property mentioned in clause Seventh, and not *per stirpes*. The wording of clause Eighth, in regard to the division of the property mentioned is the same as the wording in clause Seventh and must, of course, receive the same construction. In other words, it was the intent of the testator that the residue of the estate was to

be divided per capita and not *per stirpes*. Not only is this a construction which in the opinion of this court gives effect to the intention of the testator as expressed in these clauses but also follows the intention of the testator as first indicated in clause Third, mentioned above. It is further to be noted that the grandchildren are specifically referred to in clause Seventh as, "my said two grand children" and in clause Eighth, as "including my aforesaid two grand children." Having named them specifically in clause Third, and referring to them, as above indicated, in clauses Seventh and Eighth, it was unnecessary to repeat the names.

Further, the reference by name to the grandchildren does not create a devise to a class, as would be the case if the testator had made a devise to his heirs *simpliciter* without anything further. If such a devise *simpliciter* had been made it would then be necessary to refer to the Statute of Descent, Cahill's St. ch. 39, to determine the persons to take the proportions in which they were to take. This rule obviously does not apply here because no reference to the statute is necessary to determine what persons were intended by the devise of the testator. The paramount rule to be followed in construing a will is to determine the testator's intention and follow it as ascertained, unless contrary to some settled rules of law. There are no rules of law contrary to the intention expressed in the will in the instant case, and the intention should, therefore, be controlling in construing these clauses in dispute. *Dollander v. Dhaemers, supra; Clark v. Todd,* 310 Ill. 361; *Carlin v. Helm,* 331 Ill. 213.

We believe that the circuit court placed the proper construction on the clauses in dispute and, therefore, the decree of the trial court is affirmed.

*Decree affirmed.*