signee to bring a suit in his own name; and the suit in this case cannot be supported without evidence of money lent by the endorsee to the endorser.

I am of opinion that the judgment of the court below is erroneous and ought to be reversed.

1819.

Maddox
vs
The State

JUDGMENT AFFIRMED.

## MADDOX vs. THE STATE use of SWANN, et al.

DECEMBER.

APPEAL from *Saint Mary's* County Court. Debt brought on the 10th of February 1816, upon a testamentary bond executed in 1799, (a), by *John Maddox*, as executor of *John Swann*, with the defendant, (now appellant,) as one of his sureties. The defendant pleaded general and special performance. To which there were replications of nonperformance, and setting forth that *John Swann* by his will, dated in September 1798, amongst other things did direct, that certain of his negro slaves should be sold, &c. and that the money arising from the sales of his negroes, and all the residue of his estate after his just debts were paid, to be equally divided between his brother *Justinian*, and his brother *George's* children; that *George Swann* had living at the death of the testator the following children, viz. *James, Mary, Sarah, Rebecca, Justinian* and *Elizabeth*, all of whom are now alive. That *Justinian Swann*, one of the legatees, died before this action was brought, and that *James Swann* is his administrator. That by virtue of the will the said *James, Mary, Sarah, Rebecca, Justinian*, and *Elizabeth*, and *Justinian* the elder, became each entitled to one seventh part of all the personal estate of the said *John Swann*, which remained after all legacies and charges, &c. were paid. That on the 11th of July 1799, there remained in the hands of the executor the sum of £399 3 4, of the goods and chattels of the deceased, to be paid and administered, &c. of which sum of money the said *James, Mary, Sarah, Rebecca, Justinian* and *Elizabeth*, and the said *James Swann*, as administrator of the said *Justinian*, at whose request the original writ in this case was impetrated, were each entitled to one seventh

L S by his will dated in September 1798, amongst other things bequeathed as follows: "As also it is my will and desire the money arising from the sales of the above negroes mentioned ne-will, and all the residue of my estate, after my just debts are paid, to be equally divided between my brother J S and my brother G S's children."—Held, that J S, the above legatee, took, as a tenant in common, an equal part, and no more, with each of the children of G S; and that if the executor paid over to him more than such equal part, be leving him to be entitled to one half, such payment could not affect the claim of the children of G S, but that they were entitled to recover the same sum that they would have been entitled to recover, if J S had received only his own proportion. An action on the testamentary bond given to the state by the exe-

cutor of L S, brought at the instance of the administrator of J S, and the six children of G S, the above legatee, it was objected that under the pleadings and issues in the cause, the state could not recover unless proof was produced that all the persons, for whose use the suit was brought, were alive at the trial—Held, that on the issues in the cause the jury could not find that any of those persons were dead, unless some proof of the death was produced to them, and that in the absence of the proof, the legal inference was that such persons were alive.

The court refused to direct the jury, that if they should not find that G S left six children, that then they should find for the defendant, but directed them, that if G S left six children at the death of the testator, the estate must, under the residuary clause in the will, be divided into seven equal parts; if only five into six equal parts.

A joint action may be maintained in the name of the state on a testamentary bond, at the instance of persons claiming under different rights, as legatees under the testator's will—as where one of the legatees had since died, his executor or administrator may be joined with the other legatees.

In order to take advantage of the act of limitations on a bond, as in all other cases, it must be pleaded

(a) As oyer of the bond was not made we cannot give exactly its true date.

1819.

Maddox
vs
The State

part, amounting to the sum of £57 0 5. Breaches, the nonpayment thereof, &c. There were special demurrers to the replications; and among other causes assigned was one that the replications alleged that *Justinian Swann* the elder, and the children of *George Swann*, six in number, were respectfully entitled to one seventh part of the personal estate remaining, &c. But that by the will the said *Justinian* was entitled to one half, &c. The demurrers were overruled by the county court, and they directed that all the causes of demurrer, except the above, be stricken out. The defendant then on motion, &c. withdrew his demurrers for the purpose of rejoining to the replications. In his rejoinder to the first replication, he stated that *Justinian Swann* was entitled to one clear half of the goods, &c. of the deceased, and that the executor paid unto the said *Justinian*, in his life-time, to wit, &c. the said clear half, &c. And that the children of *George Swann* were twelve in number, and are all now dead, and were entitled jointly to the other half; without this, that *Justinian* was entitled to one seventh part, &c. and that *James Swann*, his administrator, is now thereto entitled; and that *George Swann* left six children who are all now alive, &c. and entitled to one seventh part respectively, &c. To the second replication the defendant rejoined, that the executor made a full and perfect inventory, &c. and the same returned, &c. and that the executor did not sell the goods, &c. and convert to his own use, &c. Issues joined.

1. At the trial the plaintiff read in evidence the will of *John Swann*, dated in September 1798, wherein amongst other things is this bequest, viz. "As also it is my will and desire, that the moneys arising from the sales of the above mentioned negroes, and all the residue of my estate, after my just debts are paid, to be *equally divided* between my brother *Justinian*, and my brother *George's* children." The counsel for the plaintiff then prayed the opinion of the court to the jury, that *Justinian Swann*, one of the legatees in the will mentioned, took as a tenant in common an equal part and no more, with each of the children of *George Swann*; and that if the executor paid over to him more than such equal part, believing him to be entitled to one half, such payment could not affect the claim of the children of *George Swann*, but that they were entitled to recover the same sum that they would have been entitled to recover if *Justinian Swann* had received only his own proportion. This opinion the Court, [*Johnson* Ch. J. and *Plater*, A. J.] gave accordingly. The defendant excepted.

2. The defendant then prayed the opinion of the court to the jury, that upon the pleadings and issues in this cause, the state cannot recover unless proof satisfactory was produced to the jury that all the persons, for whose use the suit was brought, were alive at the trial of the

cause. But the court refused to give the direction as prayed, but were of opinion, and so directed the jury, that on the issues in the cause they could not find that any of those persons were dead, except some proof of that fact was produced to them, and that in the absence of such proof the legal inference was that those persons were alive. The defendant excepted.

3. The plaintiff then produced a competent witness, who proved that he knew five children, who were reputed to be the children of *George Swann*, and one other child, who from a party to the cause, he understood was one of the children of *George Swann* named in the will of *John Swann*. The defendant then moved the court to instruct the jury, that if they should not find from the evidence that *George Swann* left six children, that then they should find for the defendant. This direction the court refused to give; but directed the jury, that if *George Swann* left six children at the death of the testator, that then the estate under the residuary clause in the will be divided into seven equal parts; if only five, into six equal parts. The defendant excepted. Verdict, that there remained in the hands of the executor, the sum of, &c. and that the six children of *George Swann* were each entitled to one sixth part thereof, &c. and that the executor had duly accounted for and paid to *Justinian Swann*, in his life-time, one seventh part of the said estate. Judgment on the verdict, and the defendant appealed to this court.

The cause was argued before Chase, Ch. J. and Buchanan, Martin, and Dorsey, J.

*Stone*, for the Appellant. 1. The bond upon which this action is brought being above twelve years standing, it could not be given in evidence. Acts of Assembly 1715, *ch.* 23, § 6; and 1729, *ch.* 24, § 21. *Anon.* 1 *Salk.* 278. 4 *Bac. Ab.* tit. *Limitation of Actions*, 485, 467.

2. The parties for whose use the action is brought, claiming under different rights, could not be joined in the same action. 1 *Chitty's Plead.* 8, 22. *Buckley vs. Collier*, 1 *Salk.* 114. *Abbot vs. Blofield*, *Cro. Jac.* 644. *Bidgood vs. Way*, 2 *W. Blk. Rep.* 1236. *Birkley vs. Presgrave*, 1 *East*, 226; and 5 *Bac. Ab.* tit. *Release*, (G) 702.

*Magruder*, for the Appellee, was stopped by the court.

Chase, Ch. J. It has been established, that in order to take advantage of the act of limitations it must be pleaded. The court concur with the court below in the opinions expressed in the several bills of exceptions.

JUDGMENT AFFIRMED.