SIMEON BIDDINGER, and others *vs.* JOEL WILAND.

*Fraudulent Conveyance— When Vendee is affected with Notice of the Fraud of his Vendor—Guardian to Answer for Infant—Agreement by Guardian.*

B. being indebted to W. purchased a tract of land, and having fully paid for the same, caused the vendors to convey it to F., his daughter, an infant, she having no means and paying no part of the purchase money. Subsequently, pending a suit against B. for the debt due by him to W., and before judgment was obtained, which was afterward done, caused F. to unite with him in a deed for the property to his half-brother J. who took it with knowledge of the character of the transaction. HELD:

That the deed from B. and F. to J. was fraudulent and void.

A party, who, with sufficient knowledge of the suspicious circumstances of the transaction to put him on inquiry, takes a deed from an insolvent debtor, is affected with notice of the fraud of his vendor and its consequences.

In a proceeding to set aside a deed as in fraud of creditors, one of the defendants was an infant. She was regularly summoned, and, under the law then in existence, a commission to assign a guardian and take her answer, was issued, and was returned unexecuted. A second commission was issued and returned with like result. Meanwhile, and before the Court, under the new rules, appointed a guardian to defend, the case being at issue as to the adult parties, testimony was taken. After that testimony was taken and returned, the Court, on application of the plaintiff, appointed a solicitor of the Court to answer and defend for the infant, in accordance with the provisions of Equity Rule, No. 9. Such guardian answered, submitting the rights of the infant to the protection of the Court, and agreed in writing with the plaintiff's solicitor, that the case should be submitted to the Court without argument, the testimony already taken to have the same effect as if taken by the examiner after the infant's answer had been filed. HELD:

That under the circumstances the agreement made by the guardian was proper.

APPEAL from the Circuit Court for Garrett County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued for the appellee before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, and IRVING, J., and submitted on brief for the appellants.

*J. W. Veitch*, and *W. P. Townshend*, for the appellants.

*Thomas J. Peddicord*, for the appellee.

IRVING, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Garrett County, setting aside a certain deed made by the appellant, Biddinger and his daughter, to appellant Bowser, as in fraud of creditors. The bill charges that Simeon Biddinger, being indebted to this complainant, and intending to defraud him, and his other creditors, having purchased a tract of land, and having fully paid for the same, caused Jacob Hare and wife, his vendors, to convey the same to Florissa, an infant daughter of Simeon Biddinger the purchaser, which conveyance was made on the 26th of May, 1876. This deed to the infant, Florissa Biddinger, who had no means and paid no part of the purchase money, the bill charges must be treated as in trust for the creditors of Simeon Biddinger (the father) who paid the purchase money, and is alleged to be insolvent apart from that land. Subsequently, and in further execution of his fraudulent purpose to defraud the complainant and others, it is alleged that Simeon Biddinger caused his daughter to unite with him in a deed for the property to one James Bowser for a simulated consideration; that the same was made pending a suit against Simeon Biddinger for the complainant's claim against him, but before judg-

ment had been obtained thereon, as was afterward done; and that James Bowser took, with a full knowledge of all the circumstances surrounding the transaction, and in aid of Biddinger's design to defraud complainant.

The answer of the adult defendants, Biddinger and Bowser, which, is joint, denies the fraud and insolvency of Biddinger and his indebtedness to the complainant; but it admits the infancy of Florissa Biddinger, and the payment of all the purchase money by her father Simeon Biddinger, and that Florissa had no means of her own. It avers the consideration named in Bowser's deed to have been paid *bona fide*. The infant's answer, by guardian, does not admit allegations, and submits her rights to the Court's protection.

The proof shows conclusively the purchase by Simeon Biddinger for seven hundred and fifty dollars, which he paid, and that he caused the land to be conveyed to his daughter, Florissa, then only seven or eight years old. It shows that he had the double purpose of cheating the complainant out of his claim against him, and of depriving his wife, from whom he was living apart, of dower in the land. Notwithstanding this purpose, it is contended that the defendant Bowser, took as a purchaser without notice of the fraud, and is not affected by it. This contention the proof does not sustain. Bowser was the half brother of Biddinger. Florissa, his niece, lived with him. He knew the deed was made to her, and that she was a mere child and wholly without means; and that when she joined in the deed to him she was not more than ten years old. He knew the character of the complainant's claim against Biddinger, his brother. He knew it was in suit, although judgment was not recovered till after conveyance to him. In addition to all this, Josiah Biddinger testifies that on application to rent the place, he said he couldn't do it, and on being pressed and asked if the conveyance to him "was not a sham?" said "it was

little that way." Bowser denies this conversation; but the witness is very circumstantial in his recollection; is impeached in no way, and appears to have no interest in prevaricating; and we see no reason for discrediting the statement.

To our apprehension the proof establishes a bold case of fraud on the part of both Biddinger and Bowser. So far as the child, Florissa, is concerned, she was too young to be supposed to have any knowledge of the object or purpose in the matter; and the Court very properly treated her as an involuntary trustee for her father and his creditors, and appointed another in her stead.

Bowser contends that he paid for the land *bona fide* with indebtedness of his brother to him. He so testifies, and though his testimony is not clear and satisfactory on that point, for the purposes of the case it may be conceded that he did so pay for it. Still having, as we think, knowledge of the character of the transaction and the cause of the deed to Florissa; or if not actual knowledge, enough to put him on inquiry, he is affected with notice of the fraud and its consequences. All that was necessary to make him take subject to the fraud was sufficient knowledge of the suspicious circumstances to put him on inquiry. *Glenn vs. Grover*, 3 *Md. Ch. Dec.*, 29; *Abrams & Cochran vs. Sheehan*, 40 *Md.*, 447; *Baker vs. Bliss*, 39 *N. Y.*, 70.

Florissa Biddinger was made a party defendant and was "summoned" regularly by subpoena. A commission to assign a guardian and take her answer was issued, and was returned unexecuted, because the child could not be seen, though she was living with the defendant, Bowser. A second commission was issued and returned, with like result. Meanwhile, and before the Court, by order under the new rules, appointed a guardian to answer and defend, the case being at issue as to the adult parties, testimony was taken, which, as we have said, fully establishes the fraud. After that testimony was taken and re-

Biddinger, *et al. vs.* Wiland.

turned, the Court, on application of plaintiff, appointed a solicitor of the Court, in no wise interested in the proceedings, to answer and defend the cause "for her in accordance with the provisions of Equity rule, No. 9." This guardian and solicitor answered that the infant could not admit any of the facts alleged, and being an infant submitted her rights to the protection of the Court. It was then agreed in writing by plaintiff's solicitor and the guardian and solicitor for the infant, that the case might be submitted without argument to the Court, the *testimony to have the same effect as if taken by the examiner after the infant's answer had been filed.* Appellants' counsel contend that the guardian for the infant defendant had no right to make the agreement submitting the case on testimony taken before her answer had been filed, and that consequently there was fatal irregularity. If this question be raised as a jurisdictional one it was not before the Court below, so far as the record discloses ; and under section 27, of Article 5 of the Code, it could not now be entertained. In no aspect of the question, however, do we think the point well taken. The infant had been regularly summoned. Ineffectual effort to take the answer of the infant under the law existing prior to the new equity rules, had been made. Meanwhile the new rules abolished commissions for appointing guardian and taking the answer of infants, and authorized appointment of guardian by order of Court. On application, under rule 9, a guardian was appointed to answer and defend. From the phraseology o the order, it is evident the Court designed to make the guardian not only guardian to answer, but also her solicitor to look after her interests and defend them ; and we must presume he did his duty, and knew of no other testimony which could be procured in her behalf. There is no suggestion that he did, or there was such proof procurable. If not, the agreement was proper and the Court must be regarded as having done its duty to

see that no substantial rights of the infant were injuriously affected by the proceedings. *Higgins vs. Horwitz,* 9 *Gill,* 344, *Brantley's edition,* 260.

. The decree makes no allusion to the deed from Hare and wife to Florissa Biddinger, but simply sets aside the deed from Florissa and her father to Bowser, and orders a sale of the property, and appoints a trustee for the purpose. In doing so, it adopted the theory of the bill, as stated in the Court's opinion, that under the circumstances, Florissa must be regarded as taking in trust for her father and his creditors, and another trustee has been substituted for her. That decree will be affirmed.

*Decree affirmed, and*
*cause remanded.*

(Decided 22nd June, 1887.)