THOMAS M. PLUMMER ET AL. *vs.* OWEN SHEPHERD ET AL.

*Construction of a Will—Taking Per Stirpes.*

By the first clause of her will, a testatrix gave all her real estate to "my brother William and his heirs, to my deceased brother Samuel's heirs, and to the heirs of my deceased brother Joseph, also all the heirs of my deceased sisters, Eliza and Mary, share and share alike." She next made nine bequests to her nephews and nieces, naming them, and then provided as follows : "The residue of my property, real and personal, I give, bequeath and devise to all my heirs, herein named, equally, share and share alike." William was the only one of the brothers and sisters of the testatrix living at the time of making the will, but he predeceased her. *Held,*

1st. That in the first clause of the will relating to real estate, the word "heirs" is to be construed as meaning children, and that it was the intention of the testatrix to create five classes of devisees, one composed of her brother William, and each of the other four classes composed of

the children of her deceased brothers and sisters, and to give one-fifth of her real estate to each class, who take *per stirpes* and not *per capita*.

2nd. That the residuary clause was designed to dispose only of the personal property, since all the real estate was devised in the first clause, and that the words "my heirs herein named" in the residuary clause refer to the nephews and nieces of the testatrix named in the nine preceding items in which she bequeathed personal property to them.

Appeal from an order of the Circuit Court for Anne Arundel County, (JONES, C. J.), by which it was directed that the funds representing the real and personal estate of the testatrix be distributed among such of the children of the brothers and sisters of the testatrix as were surviving at her death by a *per stirpes* distribution.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE and SCHMUCKER, JJ.

*James W. Owens,* for T. M. Plummer *et al.*

*E. C. Gantt,* for John Shepherd *et al.*

*James R. Brashears,* for Owen Shepherd *et al.*

*Richard M. Duvall,* filed a brief for M. A. Bevan *et al.*

FOWLER, J., delivered the opinion of the Court.

The questions presented by these three appeals will be disposed of in one opinion. They arise upon a bill filed in the Circuit Court for Anne Arundel County, for the partition of certain real estate of the late Misses Elizabeth and Susan Shepherd which they owned in common. The bill was filed by John and Joseph Shepherd, sons of the late Joseph Shepherd, and it is only necessary to mention that after proper proceedings Mr. E. C. Gantt was appointed trustee to sell the various tracts of land mentioned therein. The sale was made and the funds arising therefrom are in the hands of the trustee for distribution. By an agreement of counsel which is found in the record it appears that there is no question as to the moiety of proceeds of sale allotted by the auditor's account to

Elizabeth Shepherd's devisees and distributees; that the personal estate of Susan Shepherd was administered—all debts and pecuniary legacies paid by the executor—and the balance of the personal estate, by order of the the Circuit Court, was brought by him into this case for adjudication and distribution; that William Shepherd, a brother of the testatrix, Susan Shepherd, was living at the date of the will, but died before the testatrix; and that the only questions involved in these appeals relate to the true construction of Susan Shepherd's will.

The auditor has filed two accounts, Schedule A and Schedule B, distributing Susan Shepherd's share of proceeds of the real estate upon two different theories, and three accounts, namely, Schedule A No. 2, Schedule B No. 2 and Schedule C, distributing the proceeds of her personal property according to the theories suggested by counsel. It will not be necessary, however, to discuss in detail these various distributions, but we will proceed at once to ascertain, if we can, the true construction of Susan Shepherd's will, and having thus discovered her intention, the distribution must be made accordingly.

By the first item of the will the testatrix thus disposes of her real estate : "I give and bequeath all my real estate to my brother William and his heirs, to my deceased brother, Samuel Shepherd's heirs, and the heirs of my deceased brother Joseph Shepherd; also, all the heirs of my deceased sisters, Eliza Bevan and Mary Plummer, share and share alike."

Then follow nine separate and distinct "items" in each of which she gives and bequeathes to a niece or nephew (in each case giving the name of such nephew or niece) certain named furniture or a sum of money varying from $1200 to $300. The residuary clause then follows and is in these words :

"And the residue of my property, real and personal, I give, bequeath and devise to all my heirs, herein named, equally share and share alike."

It seems to us that the first clause of the will disposing of the real estate, and *all* of it, requires but little consideration,

unless its plain and manifest meaning is controlled by some subsequent clause. In the first place let us inquire what is the intention of the testatrix as declared in the first item of her will without regard to the residuary clause by which the learned Court below thought the first clause should be governed.

The testatrix had three brothers and two sisters. One of those brothers, William, was living at the date of the will, but predeceased the testatrix ; both of her sisters also predeceased her. She divided all of her real estate, share and share alike, between her brother William "and his heirs," her deceased brother Samuel's " heirs," " the heirs " of her deceased brother Joseph, " the heirs " of her deceased sister Eliza Bevan, and " the heirs " of her deceased sister Mary Plummer, thus clearly, as we think, constituting five classes and devising one-fifth of all her real estate to each class. The word " heirs " as used in this clause does not necessarily bear its technical meaning, but it may here, as is frequently done, be construed as meaning " children." 2 *Jar. on Wills*, top page 614, &c., 5th Am. ed.; *Conger* v. *Lowe*, 9 L. R. A. 165–169; s. c. 124 Ind. 368; *Albert* v. *Albert*, 68 Md. 367. It is apparent from an examination of the whole will that it was not drawn by a professional or skilful hand, and under such circumstances it would not be reasonable to give the word " heirs " its strict technical meaning. The testatrix appears to have had the intention, and to have given expression to it in her will, to provide for her only living brother (the only brother living at the time her will was executed) and his children, and the children respectively of her deceased brothers and sisters. To a number of these she gave legacies of money and to one furniture. If, therefore, the proceeds of the real estate are distributed equally to the five classes—we think her intention as expressed in the first item will be substantially carried out. That is to say, *each class* will take *per stirpes*, and the members of each class will take *per stirpes* an equal share of the part awarded to his or her class. In arriving at this conclusion we do not overlook such cases as *Maddox* v. *The State*, 4 H. & J. 539, where the

testator directed the residue of his estate " to be *equally divided* between his brother Justinian and his brother George's children," the Court holding that the *one class* thus created took as tenants in common and that distribution was to be made *per capita* and not *per stirpes.* See also to same effect *Brown* v. *Ramsey*, 7 Gill, 347; *Thompson* v. *Young*, 25 Md. 461, and *Brittain* v. *Carson et al.*, 46 Md. 189. But in the case at bar the testatrix has herself clearly created five classes, each class designated as "the heirs" or children of a deceased brother or sister—thus indicating that the share of her estate which would otherwise have been given to such brother or sister shall go to his or her children. In other words we are of opinion·that this case should be governed rather by the cases of *Alder and others* v. *Beall*, 11 G. & J. 123, and *Levering, &c.*, v. *Levering*, 14 Md. 38—where it was held that it is apparent from the will itself that it was the intention of the testators that the distribution shall be *per stirpes* and not *per capita.*

Having arrived at the conclusion that the real estate or the proceeds thereof should be divided *per stirpes* among the five classes above named, we will consider what is the rule of distribution as declared by the testatrix in the residuary clause.

We have already transcribed this clause in the former part of this opinion.

It will be observed in the first place that although *all* of the real estate had been fully and clearly devised by the first item, yet in this residuary clause the testatrix undertakes to dispose of the residue of her real as well as the residue of her personal property. Confessedly there is, in fact, no residue of the former, and we think it is clear that the distribution provided for in this clause was intended by the testatrix to apply alone to the residue of her personal estate. Here as in the case of *Douglas* v. *Blackford*, 7 Md. 25, and indeed in very many instances, the word "residue" as to the real estate was merely precautionary to meet, in this particular case, the almost impossible contingency of having omitted to devise some part of it in the previous part of the will. We may safely, therefore, assume that when the testatrix said, " I give bequeath, &c., to

all my heirs herein named equally, share and share alike " she
was in fact disposing of the residue of her personal estate and
had no reference to her real estate, all of which had already
been devised.

The bequest is " to all *my* heirs herein named." Who are
they ? . Of course the expression " all my heirs " would have
included all those to whom she devised her real estate in the
first item. But with the exception of her brother William
none of those devisees were mentioned or named. ' They are
described not by name, but as the heirs of this brother or that
sister. Hence, we cannot say that they are heirs of the testa-
trix " herein named," even if it be conceded they are her
general heirs, and not being her *heirs named in the will*, they
do not come within the class described by the testatrix. It is
suggested that her brother William is *named* and that there-
fore he should be considered as one of the class to whom the
residuary clause refers. But in our opinion this conclusion
does not follow. William's name is mentioned, it is true, but
only for the purpose of designating one of the classes to which
the proceeds of the real estate is to go, and a far more reason-
able construction is that the testatrix by using the words " my
heirs herein named " referred to her nephews and nieces named
in the nine preceding clauses and to whom she had bequeathed
in various sums the bulk of her personal estate.

It follows therefore that the order appealed from will be
reversed.

> *Order reversed and cause remanded that*
> *distribution may be made according to*
> *this opinion. The costs in this Court*
> *to be paid ratably by the two funds in-*
> *volved.*

(Decided January 17th, 1902.)