# KATHERINE EDNA REQUARDT et al.

## *vs.*

# SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE CITY, Trustee, et al.

*Construction of Will—Distribution Per Capita.*

Under a devise in trust for testator's brothers and sisters, with a provision that "on the death of either of said beneficiaries their respective shares in the said income shall be paid to their issue, until the last of the said beneficiaries" shall die, when "said trust shall cease and the corpus be divided equally among their surviving children," *held* that the surviving children took *per capita* and not *per stirpes.*　　　　pp. 433-436

That testator adopted the *per stirpes* method of disposition of the income, on the death of any beneficiary for life, during the period of the trust, did not indicate an intention that the same methods should be applied to the division of the corpus.

p. 433

*Decided June 25th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (Duke Bond, J.).

Petition by the Safe Deposit and Trust Company, Trustee under the will of Charles Hook, against Katherine Edna Requardt, Charles Howard Hook, and others, asking a construction of said will. From the decree rendered, the defendants above named appeal. Affirmed.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, and Offutt, JJ.

*John M. Requardt,* for the appellants.

*Clarence K. Bowie,* with whom were *Bowie & Clark* on the brief. for the children of Sebastian J. Hook and Katherine Brauer, appellees.

URNER, J., delivered the opinion of the Court.

The residuary clause of the will of Charles Hook, of the City of Baltimore, who died in 1906, is, in part, as follows:

> "All the rest and residue of the corpus of my estate I desire the said Safe Deposit and Trust Company to invest the same in safe securities and from the interest, income and emolument derived from same to pay my brothers and sister as follows, that is to say: One-third to Jacob W. Hook, one-third to Sebastian J. Hook, and one-third to Katherine Brauer, and on the death of either of said beneficiaries their respective shares in the said income shall be paid to their issue, until the last of said beneficiaries shall depart their life, then said trust shall cease and the corpus be divided equally among their surviving children."

The testator's brothers and sister, who were the original beneficiaries for life under the provision just quoted, are now all deceased, Katherine Brauer having died on July 14th, 1914, Sebastian J. Hook on February 14, 1915, and Jacob W. Hook on August 29, 1922. There are nine surviving children of Katherine Brauer, eleven of Sebastian J. Hook, and two of Jacob W. Hook. Since the death of Katherine Brauer in 1914 her children have been paid, as the will provided, the share of income which their mother had received. The children of Sebastian J. Hook have likewise been receiving one-third of the income from the trust estate since his death in 1915. But the time for the termination of the trust has now arrived in consequence of the recent death of Jacob W. Hook, the last survivor of the legatees for life, as the will directs that when "the last of said beneficiaries shall depart their life, then said

trust shall cease and the corpus be divided equally among their surviving children." The question to be determined is whether the distribution of the corpus among the surviving children of the life beneficiaries should be *per capita* or *per stirpes*. The appeal is from a decree construing the will as intending a *per capita* division. This conclusion was in accordance with the views expressed in the answers filed by the children of Katherine Brauer and Sebastian J. Hook, but it was contrary to the contention of the children of Jacob W. Hook, and they have therefore appealed from the decree. As there are twenty-two surviving children of the three life beneficiaries a *per capita* distribution would give each of them one twenty-second of the estate, while on the basis of a division *per stirpes* each of the nine children of Katherine Brauer would receive one twenty-seventh, each of the eleven children of Sebastion J. Hook one thirty-third, 'and each of the two children of Jacob W. Hook one sixth.

It is argued on behalf of the appellants that as the testator adopted the *per stirpes* method of disposition as to the income of the trust estate, on the death of a beneficiary for life, during the period of the trust, he presumably intended the same principle to be applied to the division of the corpus. But the provision as to the payment of income was expressly made operative only until the death of the last surviving legatee for life. When that event occurred the corpus of the estate was to be "divided equally" among the surviving children of those for whose benefit primarily the trust had been created. Prior to the death of the last surviving life beneficiary the corpus was clearly intended to be held and administered as an undivided estate. Until the trust expired only the income was to be divided, and that was to be paid in equal shares to the testator's brothers and sister for life, each receiving one-third. It was not intended that the children of any of them should receive any part of the income during their parent's life. The direction was that "on the death of either of said beneficiaries their respective shares in the said

income shall be paid to their issue," until the expiration of
the trust.   It would have involved a departure from the gen-
eral plan and purpose of the will to have provided for a *per
capita* division of a deceased life beneficiary's share of the
income among the children of all three of the persons orig-
inally entitled.   The effect of such a provision would have
been to give interests in the income to children of a legatee
for life while their parent was still living.   This was evi-
dently not a result which the testator desired.   The expres-
sion of his purpose in regard to the income, therefore, does
not, in our opinion, reflect upon the question relating to the
corpus which we have to decide.

No disposition of the corpus of the trust estate was con-
templated by the will until the death of the last survivor of
the testator's sister and brothers.   Then, as the will declares
"said trust shall cease and the corpus be divided equally
among their surviving children."   There is no uncertainty in
the description of the class of remaindermen among whom the
corpus of the estate is to be divided.   They are the surviving
children of the brothers and sister of the testator named in
his will.   The division of the corpus was directed to be made
*equally* among the members of the class of persons which the
will describes.   A distribution *per stirpes* would not satisfy
that requirement.   It would result in an unequal division of
the estate among the designated remaindermen.   It is only by
a *per capita* distribution that the testator's declared purpose
as to the disposition of the corpus can be given effect.   As
we find nothing in the context of the will to qualify the mean-
ing of the provision relating specifically to the corpus, we
must apply its terms according to their plain intent that there
shall be a general equality of participation by those to whom
the estate is limited in remainder.

In the case of *McPherson vs. Snowden,* 19 Md. 197, there
was a trust, created by deed, for the benefit of the four daugh-
ters of the grantor, and their issue, until the death of the
last survivor of the four daughters, the issue of any daughter

dying while the trust continued to take her portion of the income, and it was provided that after the death of all of the grantor's daughters, the property conveyed by the deed should pass to "all the issue of all the daughters" of the grantor, "in fee simple." The word "issue" as used in the deed, was considered to be synonymous with "children," and with respect to the disposition of the corpus the Court said: "The terms of the grant 'to all the issue of all the daughters,' entirely exclude the idea of a representative right through the daughters, and make that issue, or the children of the daughters, the immediate and equal recipients of the benefits of the grant. * * * The corpus of the estate is not disposed of until the happening of the contingency of the death of all the daughters, and then it is given to all the children as a class, who must necessarily take *per capita.*" There is a close analogy between the trust provision now under consideration and the one construed in the case just cited.

The will construed in *Allender vs. Keplinger,* 62 Md. 7, provided life estates in all the property of the testator for his two daughters and directed that after both had died the estate should be divided equally among the issue of his deceased son and of the two daughters. It was held that all the issue of the son and daughters composed a class of persons among whom there should be a *per capita* division of the property.

In *Brittain* v. *Carson,* 46 Md. 186, it was provided by the will there considered that the residuary estate of the testator should be "equally divided between" his daughter who was then living and the children of a daughter who was deceased. It was held that the grandchildren were entitled to share *per capita* with the remaining daughter, there being no indication in the will that they were intended to take as the representatives of their deceased mother. That decision was recently followed in the case of *Courtenay* v. *Courtenay,* 138 Md. 204.

It was said by this Court in *Levering* v. *Orrick,* 97 Md. 145: "In bequests to descendants equally, or to all the descendants of any person, or to the descendants simply, the

rule is all take *per capita* unless a contrary intention appears."

An interesting and instructive case, cited for the appellees, supporting our conclusion, is that of *In Re Stone,* L. R. 1895, N. S. 2 Chancery Div. 196.

In the cases cited on behalf of the appellants it appeared from the terms of the wills there interpreted that the persons entitled to the estates awaiting division were intended to take by representation. The case of *Levering* v. *Levering,* 14 Md. 30, upon which the argument for the appellants specially relied, was concerned with a will by which the testator bequeathed the income from his residuary estate to his two daughters for life, and provided that "in the case of the death of either of them, the rents, issues and profits of the one so dying shall be equally divided between the heirs of the said deceased," and that after the death of both daughters the estate should be converted into money which he directed to be distributed among the "heirs and representatives of the life tenants." In *Plummer* v. *Shepherd,* 94 Md. 466, the devisees and legatees were classified as groups of "heirs" of persons to whom the will referred. The principle of representation was also clearly involved in the testamentary provisions construed in the case of *Singluff* v. *Johns,* 87 Md. 273.

The design of the will now before us, in regard to the separate dispositions of the income and corpus of the trust estate, is simple and consistent. The fact that the testator wished the income to be applied in the manner specified during the continuance of the trust is wholly compatible with his apparent desire to give the corpus equally to all the children of his deceased brothers and sister after the event by which the trust was to be terminated. This being the evident purpose of the provision relating to the corpus we are obliged to give it effect.

> *Decree affirmed, the costs to be paid out of the corpus of the estate.*