## ROBINSON ET AL. *v.* MERCANTILE-SAFE DEPOSIT AND TRUST COMPANY, TRUSTEE, ET AL.

[No. 196, October Term, 1956.]

*Decided June 19, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS,

HAMMOND and PRESCOTT, JJ., and KINTNER, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*John B. Fox* and *Herbert B. Fineberg,* for appellant.

*F. Fulton Bramble,* with whom was *Arthur U. Hooper* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is a suit for the construction of a will, instituted by the trustee thereunder. The testator was Samuel LeRoy Robinson, who executed his will on February 16, 1929, and died in September, 1938. His will was admitted to probate by the Orphans' Court of Baltimore City in November of that year. The controversy concerns the construction of Paragraph EIGHTH of the will (referred to below as "Item 8"). The trial court held that on the death in 1955 of the life tenant under Item 8, both of his children being then living and over twenty-one years old, the trust under that Item terminated and the trust estate vested in and became distributable to the life tenant's two children, James R. (also known as James L.) Robinson and Mrs. Pauline Robinson Miklas, in equal shares, and directed distribution accordingly. The appellants, who are two of the children of James R. (or L.) Robinson, appeal from that decree. They claim that the five grandchildren of the life tenant, Emanuel E. Robinson (usually referred to below simply as "Emanuel") should share in the distribution equally with his two children and that each should receive a one-seventh share of the trust estate. The appellees are the trustee, the two children of Emanuel and the two children of Mrs. Miklas. (An infant child of James R. (or L.) Robinson, who was made a party to the suit is not shown as an appellant or as an appellee.)

Item 8 reads as follows:

"EIGHTH: I give and bequeath to aforesaid Mercantile Trust and Deposit Company of Baltimore the sum of Twenty Thousand Dollars ($20,000.00),

IN TRUST AND CONFIDENCE to hold and invest the same, with all the powers in this will set forth, and pay over the net income accruing after payment of said bequest to said trustee to my brother Emanuel E. Robinson during his life. Upon his death said trustee shall pay over the said net income, *per stirpes* and not *per capita*, to the issue or descendants of said Emanuel E. Robinson surviving from time to time when said payments are made, until the youngest child of said Emanuel E. Robinson living to attain the age of twenty-one years shall attain said age of twenty-one, or until all children of said Emanuel E. Robinson are dead, whichever event shall first occur, whereupon the principal of said trust fund shall vest absolutely in and be paid over to the issue or descendants of said Emanuel E. Robinson living at that time, *per stirpes* and not *per capita,* but if no such issue or descendant then survives then said principal shall fall into and be disposed of as part of and in all respects in the same manner as the rest and residue of my estate."

Notwithstanding the clear language .of the testator that the issue or descendants of Emanuel living at the time fixed for distribution are to take *"per stirpes* and not *per capita",* the appellants seek to achieve a *per capita* distribution. They endeavor to support their claim by arguing that the gift is a gift to a class and that the "words '*per stirpes*' are not strictly applicable to named legatees or legatees, designated as a class, and are ordinarily, at least, appropriate, and are used with respect to substitutional gifts to substituted legatees in case of the death of the primary legatee." The statement just quoted was quoted in *Lycett v. Thomas,* 153 Md. 443 (at 449), 138 A. 225, from *In re Title Guarantee & Trust Co.,* 159 App. Div. 803, 144 N. Y. S. 889 (affd., 212 N. Y. 551, 106 N. E. 1043). It was again quoted in *Johnson v. Swann,* 211 Md. 207 (at 213), 126 A. 2d 603. In the latter case the words *"per stirpes"* were held to have no meaning with regard to a gift to named beneficiaries, which is not at all the case we have before us.

No violence to the niceties of the rule against the strict inapplicability of the term *"per stirpes"* to class gifts has been suggested, so far as we are aware, in any of the cases in which this Court has taken those words, or words of similar import, into consideration in seeking to ascertain and carry into effect the intention of the testator or settlor as to the persons intended to take property and their respective shares or proportions thereof. In *Lycett v. Thomas, supra,* and in *Patchell v. Groom,* 185 Md. 10, 43 A. 2d 32, and *Ballenger v. McMillan,* 205 Md. 94, 106 A. 2d 109, the principal question relating to these words has been the determination of the persons who constituted the stocks of inheritance. In *Lycett v. Thomas, supra,* the Court said (153 Md., at 446): "We do not understand that there is any dispute about the general rule, that where there is a gift to a class, members of the class take *per capita,* unless the contrary intention clearly appears." Here we think that the contrary does clearly appear. The testator himself explicitly said so.

This case is the converse of *Mazziotte v. Safe Deposit & Trust Co.,* 180 Md. 48, 23 A. 2d 4, in which "a gift over to the issue of daughters of the testator living upon their death, *per capita"* was held to be "a gift to all living descendants of the daughters in all generations, in equal shares, allowing remoter descendants to share with their living parents." There the words *"per capita"* were used; here the words *"per stirpes* and not *per capita"* are used.

In a number of cases an intention that distribution should be on a *per stirpes,* and not a *per capita,* basis has been found, even where the term *"per stirpes"* was not used, but other words signifying such an intent were used. Thus in *Alder v. Beall,* 11 Gill & J. 123, the testator, after other gifts, left the residue of his property "to be equally divided between the children of my sister Ann Latimer, and their heirs forever, and the children of my sister Penelope Beall, and their heirs forever." Ann predeceased the testator leaving seven children; Penelope survived him and had four children. On appeal from an Orphans' Court a judgment which divided the property one-half to the children of Ann and one-half to the children of Penelope was affirmed, and a *per capita* division

into eleven equal shares was rejected. See also *Levering v. Levering,* 14 Md. 30; *Slingluff v. Johns,* 87 Md. 273, 39 A. 872; *Plummer v. Shepherd,* 94 Md. 466, 51 A. 173. Cf. *Requardt v. Safe Deposit & Trust Co.,* 143 Md. 431, 122 A. 526, where the will in question provided for a *per stirpes* distribution of income during the continuance of a trust and a *per capita* distribution of principal upon termination of the trust. Neither term—*"per stirpes"* or *"per capita"*—was actually used in the will there considered.

The meaning of the term *"per stirpes",* which the testator in the instant case did employ, is perfectly well known and established and nothing has been suggested which, we think, would warrant ascribing to it anything but its normal meaning.

In *Rotmanskey v. Heiss,* 86 Md. 633, 634, 39 A. 415, the Court defined *"stirps"* as "a root of inheritance; it designates the ancestor from whom the heir derives title; and it necessarily presupposes the death of the ancestor. When *issue* are said to take *per stirpes,* it is meant that the descendants of a deceased person take the property to which he was entitled, or would have been entitled if living." In *Jarman on Wills,* 8th Ed., p. 1579, it is stated: "Where the distribution is to be *per stirpes,* the principle of representation will be applied through all degrees, children never taking concurrently with their parents * * *." See also Miller, *Construction of Wills,* Sec. 97.

In the *Restatement, Property,* Sec. 303 (1), it is stated that when a "class gift" is made to a group described as the "issue of B" or the "descendants of B", ordinarily "distribution is made to such members of the class as would take, and in such shares as they would receive, under the applicable law of intestate succession if B had died intestate on the date of the final ascertainment of the membership in the class, owning the subject matter of the class gift."

Comment (e) to Sec. 303 states: "When the living issue of B consist of one or more children of B and one or more grandchildren of B, who are children of a living child of B, such grandchildren are wholly excluded from sharing in the distribution of the subject matter of the class gift unless a

'contrary intent of the conveyor is found from additional language or circumstances'."

In Comment (h) to Sec. 303 it is stated: "Limitations which come within the rule stated in this Section frequently contain language or have circumstances tending to corroborate the conclusions that the term 'issue' or 'descendants' has been used as substantially the equivalent of 'heirs of the body' and hence that distribution should be made in accordance with the law of intestate succession. * * * Illustrative of these corroborative factors are the following: (1) the conveyance specifically provides for a per stirpes distribution * * *."

*Ballenger v. McMillan, supra,* is highly persuasive in the present case. There a deed of trust executed by William H. Gorman provided *inter alia,* that upon the death of the last surviving child of the grantor the trust shall terminate, and "the principal of the trust estate shall go to all the descendants of the said William H. Gorman then living, to be divided among them per stirpes and not per capita." The Court held that the use of the words "per stirpes and not per capita" showed that the grantor's descendants should take by representation or substitution and effectively negatived any implication that any of his descendants should take *per capita.*

The Court said (205 Md. at 103, 105): "* * * The concurring opinion of Judge Henderson in *Patchell v. Groom, supra,* is very appropriate here. It was there said: 'By the use of this precise phrase, [per stirpes and not per capita] the testator indicated that his descendants should take by representation or substitution and effectively negatived any implication that any of the testator's descendants should take *per capita.* * * * But regardless of the implication from "descendants," standing alone, the English and American authorities are entirely in accord on the point that distribution *per stirpes* means distribution to those who would take, by representation, under the intestacy laws.' "

The *Ballenger* case is reviewed along with *Patchell v. Groom, supra,* and other cases in an article by Frederick J. Singley, Jr., in 15 Md. Law Review 1, entitled *"Patchell v.*

*Groom Revisited: Distributions Among Descendants Per Stirpes.*" At page 14, the author says: "It would seem that our Court of Appeals, in *Ballenger v. McMillan,* has turned its back on the artificialities of the rule followed in *Patchell v. Groom, Robinson v. Shepherd* [32 Beavan 665, rev'd. 4 De G. J. & S. 129] and in the English cases, and has adopted the more realistic view of *Sidey v. Perpetual Trustees* [*Estate and Agency Co. of New Zealand,* (1944) A.C. 194]." To this statement the learned author added two limitations or caveats: (1) that intention may be a controlling factor in any construction case; and (2) that the rule of the *Ballenger* case does or may apply only to dispositions in favor of the settlor's or testator's own descendants. The first suggested limitation or caveat not only causes us no concern in the instant case, but, on the contrary, disposes of the second. It seems to us perfectly clear that the testator intended the children of Emanuel to be the first takers after his life estate, and that he intended to substitute for any of Emanuel's children who might die before the time of distribution [1] their descendants living at that date, such descendants to take by right of representation, as in case of intestacy under our statutes. See the concurring opinion in the *Patchell* case and the opinion in the *Ballenger* case quoting it with approval. Those who take by representation cannot take concurrently with those to whose right they might succeed, but have not succeeded.

At the argument in this Court counsel for the appellants referred to the words "per stirpes", and both frankly and humorously admitted the obstacle which they interposed to the appellants' contention with the statement: "If they're out, we're in." The words *"per stirpes"* are still "in." The decree of the Circuit Court must be affirmed.

*Decree affirmed, with costs.*

---

1. The will also contained a provision for distribution of income on a *per stirpes* basis, if Emanuel had died before the date fixed for the distribution of principal.