# FRED B. GOLDMAN *v.* ROGER W. EISINGER, JR., TRUSTEE ET AL.

[No. 39, September Term, 1980.]

*Decided March 4, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Stuart S. Greenfeig* and *Dov Apfel,* with whom were *Goldman, Walker, Greenfeig & Metro, Chartered* on the brief, for appellant and cross-appellee.

*Courtland K. Townsend, Jr.,* with whom were *Mannes, Meyers, Nadonley, Townsend & O'Brien, P.A.* on the brief, for appellees and cross-appellants.

DAVIDSON, J., delivered the opinion of the Court.

This case concerns the appropriate factors to be taken into account by a trial court in determining the amount of an award of attorney's fees to an attorney appointed by the court to protect the interests of minors. More particularly, the question is whether it is appropriate for the trial court to consider whether services rendered by such an attorney were reasonably necessary to benefit the minors.

The last will and testament of John W. Adams, who died 20 August 1969, created a trust for the benefit of his wife, their 10 children, and their issue. The respondents and cross petitioners, Rosemary J. Adams, Roger W. Eisinger, Jr., and John K. Kilbane, were named as trustees (trustees). In the Circuit Court for Montgomery County, on 29 August 1975, some of the trust beneficiaries (plaintiffs) filed a Bill of Complaint alleging, among other things, that the trustees appeared to have used their positions "for their own advantage and to the detriment of the trust estate and beneficiaries of the trust." They asked the trial court for an accounting, for removal of the trustees, and for other relief.

In an amended Bill of Complaint, Joan Adams and Thomas Adams, two minor children of the testator, who were beneficiaries, were named as defendants. The plaintiffs filed

a motion requesting the trial court "pursuant to Rule 205, Maryland Rules of Procedure," to appoint "a legal guardian for the minor defendants." On 14 June 1976, the trial court entered an order appointing the petitioner and cross respondent, Fred B. Goldman (attorney), "legal guardian of the minor defendants." The order directed the attorney to "appear, answer and defend for the said minor defendants."

Thereafter, the attorney investigated the facts, filed an answer, and participated in the ongoing trust litigation. On 23 February 1978, the attorney filed a petition for attorney's fees in the amount of $5,551.25 that the trustees did not oppose. On 19 April 1978, Judge Stanley B. Frosh entered an order directing the payment of the full amount from the trust fund. The trial court did not at that time alter, modify, or terminate the 14 June 1976 order directing the attorney to "appear, answer and defend."

The attorney continued to participate in the ongoing trust litigation. On 21 February 1979, Judge William M. Cave entered a judgment in the trust litigation in favor of the defendants. On 5 March 1979, the attorney filed a second petition for attorney's fees in the amount of $9,753.75. The trustees opposed this petition.

On 29 May 1979, at a hearing on the petition held before Judge Cave, the trial court found that the attorney had "put in hours and hours of time under an honest belief" that he was participating in the ongoing trust litigation as the lawyer appointed by the court to represent the minor children for all purposes. The trial court mentioned that it had repeatedly asked the attorney about his participation in the trust litigation because there were already attorneys representing other litigants who were challenging or defending the actions of the trustees. In response, the attorney asserted that he was acting pursuant to a court order that had not been terminated. The attorney stated that the minors were satisfied with the distribution of the trust. However, he pointed out that the court order required him to participate throughout the trust litigation in order to protect the inter-

ests of the minors because there was an allegation that the trustees had violated the trust.

The trial court indicated that it was not satisfied with the attorney's responses because the attorney had not explained the position of the minors on the question whether the trustees had violated the trust. It further indicated that it was, therefore, difficult to determine the action that was reasonably necessary to protect the interest of the minors. The trial court remarked that because it did not find "any specific benefit" from the services rendered by the attorney to the minor children, it could not find that the total fees sought were reasonable. After an extended colloquy concerning the appropriate fee, the trial court said:

> "I [would] have no difficulty if it were strictly a ruling on whether or not the time put in was, in fact, put in and is a fair and reasonable amount for that time.
>
> "If that was the only issue before me, I would have no trouble resolving that, but there are the other elements of this matter to be determined, not the least of which . . . is the benefit as determined in the ultimate proceedings.
>
> "That's a very nebulous area because before you could determine the benefit, you have to make some determination of what effort is necessary to see what benefit there is to be gained."

At the conclusion of a further hearing held on 19 July 1979, the trial court, in an oral opinion, said:

> "[T]here is no question that under the power of appointment that the attorney as is now appointed . . . is entitled to be compensated for a reasonable fee for the service that he has performed. A reasonable fee cannot necessarily be determined by hours spent, but has to be considered also in the light of benefit to his client and the ultimate results.
>
> "It may also be true . . . that by appointing an attorney, they also get the benefit of services of the

firm. This does not mean that all members of the firm can be compensated for all of the work that they may do for every hour of research for every portion of an hour that shall be put into it.

. . .

But I just don't see that the court can award a fee in excess of twenty-five hundred dollars over [what has] already been paid."

On the same day, the trial court entered a judgment awarding $2500 to the "firm of Goldman, Walker, Greenfeig & Metro."

The attorney appealed to the Court of Special Appeals which, in an unreported opinion, affirmed. *Goldman v. Eisinger,* No. 948, September Term, 1979, filed 17 April 1980. The attorney filed a petition for a writ of certiorari, and the trustees filed a cross petition. We granted both. We shall affirm the judgment of the Court of Special Appeals.

The trustees initially contend that the attorney's appointment was governed by Maryland Rule 205 e 2.[1] They maintain that under that Rule the attorney's authority was limited to investigating the facts of the case and filing an answer. They assert that the attorney could take no further action without seeking direction from the trial court. They conclude that the attorney should not have been awarded a fee because he had no authority under Rule 205 e 2 to perform the services rendered.

---

1. Md. Rule 205 e 1 and 2 provides:

"1. Guardian or Committee to Answer.

Upon return of process as served or upon proof of due publication or mailing and posting of the order of publication in an in rem or quasi in rem action, *the court shall,* in the case of a person under disability, on application of the plaintiff or of any other party concerned or on its own motion, by order *require the legal guardian* or committee of the person under disability (if there be such guardian or committee within the jurisdiction of the court) *to appear, answer and defend* for such party." (Emphasis added.)

"2. Appointment of Attorney.

If there be no such guardian or committee within the jurisdiction of the court, the court may, at any time, on application of any party or on its own motion, appoint any attorney to represent such party. An attorney shall not be appointed who may have any interest

Here the record shows that the 14 June 1976 order appointing the attorney "legal guardian of the minor defendants" directed him to "appear, answer and defend." Thereafter, he investigated the facts and filed an answer. Without further authorization from the court, but in accordance with his obligation to "defend," the attorney participated in the ongoing trust litigation. *See Spencer v. McMullen,* 198 Md. 90, 99, 81 A.2d 237, 241 (1951); *Biddinger v. Wiland,* 67 Md. 359, 362-64, 10 A. 202, 203-04 (1887). Initially, when the attorney petitioned for a fee, the trial court ordered payment in full. Thus, the trial court, in effect, approved the attorney's actions under the 14 June 1976 order, including the attorney's participation in the ongoing trust litigation. Significantly, the trial court did not at that time alter, modify, or terminate the 14 June 1976 order directing the attorney to "appear, answer and defend." Through its inaction, the trial court, in essence, authorized the attorney under the 14 June 1976 order to continue to participate in the ongoing trust litigation to the extent necessary to protect the interests of the minors.[2] Under these circumstances, the 14 June 1976 order, and not Rule 205 e, governs the extent of the attorney's authority. Accordingly, the question of the attorney's authority under Rule 205 e 2 need not be considered.[3]

The trustees alternatively contend that the attorney should not be awarded a fee because the services rendered did not protect any interest or produce any benefit to the minors. The attorney asserts that as an attorney appointed by the court he was entitled to a fee. He maintains that the

___

involved in the suit adverse to that of the party so under disability. *The attorney shall* to the extent necessary *investigate the facts* of the case *and shall file an answer* on behalf of such party. *The court may direct the attorney to take further action* on behalf of such party, as justice may require." (Emphasis added.)

**2.** We note that this authorization was consonant with the provision of Rule 205 e 2 that authorizes a trial court to direct an attorney appointed by the court to take further action after investigating the facts and filing an answer on behalf of a minor.

**3.** We note, however, that under the unambiguous language of Rule 205 e 2, an attorney appointed to represent a defendant under a disability ordinarily should, after investigating the facts and filing an answer, seek direction from the court before taking further action.

question whether his services benefited the minors was not an appropriate factor to be taken into account in determining the amount of the award. Finally, he claims in the alternative that his services did, in fact, benefit the minors.

Generally, an attorney appointed by a trial court to defend a minor's interest in a fund is entitled to compensation. *Spencer,* 198 Md. at 99, 81 A.2d at 241; *O'Dunne v. Safe Deposit & Trust Co. of Baltimore,* 133 Md. 91, 92, 104 A. 262, 262 (1918); *DeBearn v. Winans,* 115 Md. 139, 152-54, 80 A. 730, 734-35 (1911). *See Sollers v. Mercantile-Safe Deposit & Trust Co.,* 262 Md. 606, 611, 278 A.2d 581, 583 (1971). In *Spencer,* 198 Md. at 98, 81 A.2d at 240-41, this Court reviewed the principles to be applied in determining the amount of a fee to be awarded to an attorney appointed by the court to protect the interests of unborn children in a trust fund proceeding. There the Court, quoting from several previous cases, said:

> "The principal elements to be considered in determining the reasonableness of counsel fees are, the amount involved, the character and extent of the services, the time employed, the importance of the question, and the fidelity and diligence of counsel. It is apparent that *no one of these elements is controlling,* but consideration must be given to all in arriving at a fair and just conclusion. It is the function of the court to fix the amount of fee to be awarded. In reaching its conclusion, the magnitude of the interests involved, the legal difficulties met, the length of time engaged, the skill and diligence displayed, and *the practical result obtained by services rendered* to the receiver and in the interest of the estate, are elements which, in connection with the other relevant facts and circumstances, must be well weighed by the court in order that a reasonable fee be allowed. *The fundamental consideration, however, is that the compensation should be confined to work which was reasonably necessary*

*for the proper administration of the trust."* (Citations omitted.) (Emphasis added.)

In applying these principles, this Court has used different phrases to express the concept that the benefit derived from the services rendered by an attorney appointed by the court is an appropriate factor to be taken into account in the determination of the amount of a reasonable fee. In *Plakatoris v. Bainder,* 204 Md. 223, 229, 103 A.2d 839, 841 (1954), this Court stated that "the particular benefit derived from the [attorney's] attention and efforts in the interest of the estate" is a factor to be considered. Similarly, this Court has said that "the services of the attorney . . . should in some way be beneficial to the estate, either by enlargement or the protection of it." *Mayor of Baltimore v. Link,* 174 Md. 111, 116, 197 A. 801, 804 (1938). In *Spencer,* 198 Md. at 98, 81 A.2d at 241, this Court specifically enumerated "the practical result obtained by services rendered" as one of the factors to be considered in determining the amount of a court-appointed attorney's fee and pointed out that "compensation should be confined to work which was reasonably necessary for the proper administration of the trust." Additionally, this Court has stated that the "magnitude of the interests," *Spencer,* 198 Md. at 98, 81 A.2d at 241; *County Corp. of Md. v. Semmes,* 169 Md. 501, 527, 182 A. 273, 284 (1936), "the value of the property," *Plakatoris,* 204 Md. at 229, 103 A.2d at 841, and "the amount involved," *Spencer,* 198 Md. at 98, 81 A.2d at 241; *Friedenwald v. Burke,* 123 Md. 511, 517, 91 A. 461, 466 (1914), are factors to be considered. Regardless of the language used, all of these cases establish that the benefit obtained from the services rendered by an attorney appointed by the court is an appropriate factor to be taken into account in the determination of the amount of a reasonable fee.[4] Of course, this factor is

---

4. We note that, even when an attorney is not appointed by the court, the benefit obtained from services rendered is an appropriate factor to be taken into account when a court is determining the reasonableness of a fee to be paid from a fund. Wolfe v. Turner, 267 Md. 646, 653, 299 A.2d 106, 109 (1973); Dessel v. Goldman, 231 Md. 428, 431, 190 A.2d 633, 635 (1963); American Jewish Joint Distribution Comm. v. Eisenberg, 194 Md. 193, 200, 70 A.2d 40, 42 (1949).

not limited to a financial benefit and is not in and of itself controlling. Thus, an attorney appointed by a court may be awarded a fee even when the parties he represents do not prevail on the merits. *Spencer,* 198 Md. at 95, 81 A.2d at 239; *DeBearn,* 115 Md. at 155, 80 A. at 735.

Here the trial court took into account the character and extent of the services, the amount of time devoted by the attorney, and the fidelity, diligence, and good faith of the attorney. In addition, the trial court scrutinized the amount involved and the practical result or particular benefit derived from the services rendered. It was appropriate for the trial court to consider whether the services rendered by the attorney were reasonably necessary to benefit the minors. Thus, the trial court weighed and balanced all of the appropriate factors in determining the amount of a reasonable fee. The trial court's finding that the full extent of services rendered by the attorney was not reasonably necessary to benefit the minor children was supported by the record. Under the circumstances here, the trial court was warranted in determining that $2500 was a reasonable fee.[5]

*Judgment affirmed.*
*Petitioner to pay the costs.*

---

5. The attorney's contention that the trial court erred in failing "to award compensation for the services performed by other members of [the attorney's] law firm" is unsupported by the record. In its oral opinion, the trial court indicated that, in determining the amount of a reasonable fee, it was considering the services performed not only by the attorney, but also by the other members of his law firm. Indeed, the trial court's order awarded the fee to the attorney's firm, rather than to the attorney individually.